[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Terraza 8, L.L.C. v. Franklin Cty. Bd. of Revision,* Slip Opinion No. 2017-Ohio-4415.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-4415

TERRAZA 8, L.L.C., APPELLANT, *v.* FRANKLIN COUNTY BOARD OF REVISION ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Terraza 8, L.L.C. v. Franklin Cty. Bd. of Revision,* Slip Opinion No. 2017-Ohio-4415.]

*Taxation—Real-property valuation—Amendment to R.C. 5713.03 enacted in 2012 Am.Sub.H.B. No. 487 applies to valuations for tax year 2013—Under R.C. 5713.03, as amended by 2012 Am.Sub.H.B. No. 487, a recent, arms-length sale price constitutes the best evidence of a property's value, but such a sale price no longer conclusively determines that value as it did under prior law—Decision of Board of Tax Appeals vacated and cause remanded.*

(No. 2015-2063—Submitted April 5, 2017—Decided June 22, 2017.)

APPEAL from the Board of Tax Appeals, Nos. 2015-279 and 2015-280.

_____

**FISCHER, J.**

{¶ 1} At issue in this case is whether a recent amendment to R.C. 5713.03 applies to real-property valuations for tax year 2013 and, if so, whether the statutory change affects how taxing authorities must value lease-encumbered properties that have been the subject of recent arm's-length sales. We conclude that the amendment to R.C. 5713.03 enacted in 2012 Am.Sub.H.B. No. 487 ("H.B. 487") applies here and that the statutory change requires us to remand this case to the Board of Tax Appeals ("BTA") for further consideration.

**Facts and Procedural History**

{¶ 2} The subject property is a 54,261-square-foot fitness center situated on 3.41 acres in Franklin County and owned by appellant, Terraza 8, L.L.C. ("Terraza"). The building was constructed in 2007.

{¶ 3} The Franklin County auditor assessed the property at $4,850,000 for tax year 2013. Appellee Hilliard City Schools Board of Education ("BOE") complained to appellee Franklin County Board of Revision ("BOR") that the property should have been valued at $15,403,200, based on its assertion that that was the amount Terraza paid for it in February 2013. Terraza did not defend against the complaint, and the BOR increased the valuation to $15,403,200 for tax years 2013 and 2014. Terraza appealed both years' valuations to the BTA.

{¶ 4} At the BTA hearing, Terraza introduced the testimony and appraisal of Patricia Costello, who concluded that the sale price did "not represent the fee simple market value of the property." She used income and sales-comparison approaches to determine a value that she referred to as the property's "fee simple" value. Under the income approach, she concluded that the existing lease in place when Terraza acquired the property, which provided for an initial 20-year term ending in 2027 and two 10-year optional renewal periods, called for monthly rental payments above the market rate. She testified that the monthly market-rate rent for comparable properties in 2013 was $11 per square foot while the lease here called

for monthly rental payments of $22 per square foot in 2013. Her income-approach valuation was $5,650,000. Her sales-comparison valuation was $7,055,000. She accorded greatest weight to the sales-comparison approach, reaching a final valuation of $7,055,000.

{¶ 5} The BOE objected to the evidence presented by Costello, arguing that it was inadmissible because Terraza had not rebutted the recency or arm's-length nature of the sale. Terraza countered that the evidence was admissible due to a change in R.C. 5713.03, which, it alleged, required the county auditor, the BOR, and the BTA to value the unencumbered fee-simple estate of the property. The BTA overruled the objection and admitted the evidence.

{¶ 6} The BTA found that an amended version of R.C. 5713.03 applies in this case but concluded that the change did not overrule *Berea City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 106 Ohio St.3d 269, 2005-Ohio-4979, 834 N.E.2d 782, ¶ 13, which held that property must be valued according to the sale price of a recent arm's-length transfer. The BTA, therefore, disregarded Costello's appraisal and, after making a slight adjustment to the BOR's valuation, determined a value of $15,403,120 for tax year 2013. It also found that the BOR lacked jurisdiction to determine value for tax year 2014 and instructed the BOR to vacate its decision for that year. Terraza appealed the determination for tax year 2013 to this court.

## Standard of Review

{¶ 7} We must affirm the BTA's decision if it was "reasonable and lawful." R.C. 5717.04. In making this determination, we must consider legal issues de novo, *Akron City School Dist. Bd. of Edn. v. Summit Cty. Bd. of Revision*, 139 Ohio St.3d 92, 2014-Ohio-1588, 9 N.E.3d 1004, ¶ 10-11, and defer to findings concerning the weight of evidence so long as they are supported by the record, *Olmsted Falls Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 122 Ohio St.3d 134, 2009-Ohio-2461, 909 N.E.2d 597, ¶ 27.

**Recent Arm's-Length Sales under Ohio Law**

*Ohio Constitution, Article XII, Section 2, and R.C. 5713.01*

**{¶ 8}** The Ohio Constitution provides that "[l]and and improvements thereon shall be taxed by uniform rule according to value." Ohio Constitution, Article XII, Section 2. In *State ex rel. Park Invest. Co. v. Bd. of Tax Appeals*, 175 Ohio St. 410, 195 N.E.2d 908 (1964), we held that Article XII, Section 2, along with R.C. 5713.01, establishes the criterion for the assessment of real property in Ohio. *Id*. at 411. At that time, R.C. 5713.01 provided that "[t]he auditor shall assess all the real estate situated in the county at its true value in money." Am.S.B. No. 370, 128 Ohio Laws 410, 412. Although the General Assembly has amended R.C. 5713.01 a number of times since then, the statute still requires county auditors to appraise real property "at its true value in money." R.C. 5713.01(B).

**{¶ 9}** "[T]he value or true value in money of real property" refers to "the amount for which that property would sell on the open market by a willing seller to a willing buyer * * *, *i.e.*, the sales price." *Park Invest. Co.* at 412. We have explained that "[t]he best method of determining value, when such information is available, is an actual sale of such property between one who is willing to sell but not compelled to do so and one who is willing to buy but not compelled to do so." *Id*., citing *In re Estate of Sears*, 172 Ohio St. 443, 178 N.E.2d 240 (1961), paragraph two of the syllabus. "This, without question, will usually determine the monetary value of the property." *Id*. Later, in *Conalco, Inc. v. Monroe Cty. Bd. of Revision*, 50 Ohio St.2d 129, 363 N.E.2d 722 (1977), we reiterated that "[t]he best evidence of the 'true value in money' of real property is an actual, recent sale of the property in an arm's-length transaction." *Id*. at paragraph one of the syllabus, quoting R.C. 5713.01.

*The 1976 amendment to R.C. 5713.03*

**{¶ 10}** When we decided *Park Invest. Co.* in 1964, R.C. 5713.03 provided that "[t]he county auditor, from the best sources of information available, shall

4

determine, as nearly as practicable, the true value * * * of real property * * * according to the rules prescribed by sections 5713.01 to 5713.21, inclusive, and section 5715.01 of the Revised Code for valuing real property." Am.S.B. No. 370, 128 Ohio Laws at 413. The statute did not address arm's-length sales.

{¶ 11} In 1976, the General Assembly amended R.C. 5713.03 by adding now-familiar language:

> In determining the true value of any tract, lot, or parcel of real estate [under this section], if such tract, lot, or parcel has been the subject of an arm's length sale between a willing seller and a willing buyer within a reasonable length of time, either before or after the tax lien date, the auditor shall consider the sale price of such tract, lot, or parcel to be the true value for taxation purposes.

Am.Sub.H.B. No. 920, 136 Ohio Laws, Part II, 3182, 3247. In *Cummins Property Servs., L.L.C. v. Franklin Cty. Bd. of Revision*, 117 Ohio St.3d 516, 2008-Ohio-1473, 885 N.E.2d 222, we stated that this amendment "reinforced" the idea stated in *Park Invest. Co.*: that the point of every valuation—whether based on a recent sale price or an appraisal—is to determine the price the property would sell for on the open market. *Cummins Property Servs.* at ¶ 23.

{¶ 12} Following the 1976 amendment, we continued to adhere to the best-evidence principle articulated in *Conalco* when evidence of a recent sale price was available. *See Columbus Bd. of Edn. v. Fountain Square Assocs., Ltd.*, 9 Ohio St.3d 218, 219, 459 N.E.2d 894 (1984). In *Fountain Square Assocs.*, however, we suggested that an appraisal might be used to determine a value different from an actual sale price "where it is shown that the sales price is not reflective of true value." *Id.*

**{¶ 13}** Two years later in *Ratner v. Stark Cty. Bd. of Revision*, 23 Ohio St.3d 59, 491 N.E.2d 680 (1986) ("*Ratner I*"), we again reaffirmed the best-evidence rule of property valuation, noting that an actual sale price "provides strong evidence of market value" that establishes the property's presumptive true value, *id*. at 61. But this court in *Ratner I* held that a sale price is "not the only evidence" of true value, *id*. at syllabus, and stated that appraisal evidence must be considered, *id*. at 62. We thus rejected "an absolutist interpretation" of R.C. 5713.03 that would require a property to be valued according to a recent sale price. *Id*. at 61. *See also Ratner v. Stark Cty. Bd. of Revision*, 35 Ohio St.3d 26, 28, 517 N.E.2d 915 (1988) ("*Ratner II*") ("the price paid by the taxpayer is one factor, the best factor, but not the controlling factor").

**{¶ 14}** We overruled *Ratner I* and *Ratner II* in *Berea*, 106 Ohio St.3d 269, 2005-Ohio-4979, 834 N.E.2d 782, at ¶ 13. In doing so, we focused on the language of R.C. 5713.03 as it existed at that time, which continued to be the same as that added in the 1976 amendment, 136 Ohio Laws, Part II, at 3247—"the auditor *shall* consider the sale price * * * to be the true value for taxation purposes"—and held that it requires property to be valued according to the sale price of a recent arm's-length transaction. (Emphasis added.) *Berea* at ¶ 13. We later explained that the statute "reject[s] * * * appraisal evidence of the value of the property whenever a recent, arm's-length sale price has been offered as evidence of value." *Cummins Property Servs.*, 117 Ohio St.3d 516, 2008-Ohio-1473, 885 N.E.2d 222, at ¶ 13. Under the former version of R.C. 5713.03 at issue in those cases, a party could avoid a recent sale price only by showing that the sale was not recent to the tax-lien date or was not an arm's-length transaction. *Berea* at ¶ 13, 16.

*The H.B. 487 amendment to R.C. 5713.03 (effective September 10, 2012)*

**{¶ 15}** The General Assembly made two significant changes to R.C. 5713.03 in 2012 that are relevant here. First, it required county auditors to determine "the true value of *the fee simple estate, as if unencumbered, of* each

separate tract, lot, or parcel of real property and of buildings, structures, and improvements located thereon." (Emphasis added to indicate new words inserted.) R.C. 5713.03, as amended by 2012 Am.Sub.H.B. No. 487. And second, concerning recent arm's-length sales, it replaced *shall* with *may*: "the auditor *may* consider the sale price * * * to be the true value for taxation purposes." (Emphasis added.) *Id*. Terraza argues that this version of R.C. 5713.03 applies in this case. The BOE disagrees.

*The later 2012 amendment to R.C. 5713.03 (effective March 27, 2013)*

{¶ 16} The General Assembly again amended R.C. 5713.03 in late 2012, making additional changes that are not relevant here but retaining the changes introduced by H.B. 487. *See* 2012 Am.Sub.H.B. No. 510 ("H.B. 510"). H.B. 510 went into effect March 27, 2013. *Id*. No party argues that the H.B. 510 amendment applies here.

## The H.B. 487 Version Applies

### *Apply the law in effect on the tax-lien date*

{¶ 17} Because this case involves tax year 2013, the BTA had to determine the property's value on January 1, 2013, the tax-lien date. *See Fawn Lake Apts. v. Cuyahoga Cty. Bd. of Revision*, 85 Ohio St.3d 609, 612, 710 N.E.2d 681 (1999); *see also* R.C. 323.11 (making January 1 of each year the tax-lien date); R.C. 5715.01(C) (preventing the tax commissioner from adopting or enforcing "any rule that requires true value for any tax year to be any value other than the true value in money on the tax lien date of such tax year"). It follows that the taxing authorities should apply the substantive law in effect on that date. *See* R.C. 1.58(A)(2) and (4).

{¶ 18} Because the H.B. 487 amendment went into effect on September 10, 2012, and the H.B. 510 amendment went into effect on March 27, 2013, the H.B. 487 version applies to valuations for tax year 2013.

*Section 757.51 of H.B. 487 does not prevent application of H.B. 487*

{¶ 19} The BOE insists that Section 757.51 of H.B. 487 prevented that amendment from going into effect in Franklin County until tax year 2014. Section 757.51 provides that "[t]he amendment by this act of section 5713.03 of the Revised Code applies to the first tax year, after tax year 2012, to which division (A) or (B) of section 5715.24 of the Revised Code applies in the county."

{¶ 20} R.C. 5715.24 addresses the cycle of real-property valuations undertaken by county auditors, who are to assess the real property within their respective counties according to value. *See* R.C. 5713.01, 5713.03, and 5715.01(B). R.C. 5715.24 describes the reappraisals conducted by a county auditor every six years (R.C. 5715.24(A)) and the update valuations the auditor performs in the third year after the reappraisals (R.C. 5715.24(B)). *See Soyko Kulchystsky, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 141 Ohio St.3d 43, 2014-Ohio-4511, 21 N.E.3d 297, ¶ 20. Significantly here, not every county auditor completes reappraisals in the same year; the reappraisals are staggered statewide. *See Pike-Delta-York Local School Dist. Bd. of Edn. v. Fulton Cty. Budget Comm.*, 41 Ohio St.2d 147, 150, 324 N.E.2d 566 (1975). This means that some auditors were in the process of completing sexennial reappraisals or triennial updates just as the H.B. 487 amendment to R.C. 5713.03 was going into effect in September 2012. *See* R.C. 319.28(A) (requiring auditors to certify values to the county treasurer by October 1 each year).

{¶ 21} The BOE argues that Section 757.51 is an effective-date clause that prevented the amendment from going into effect in Franklin County until 2014, when the county auditor next applied R.C. 5715.24 by completing a reappraisal or triennial update. One court has adopted this view, construing Section 757.51 as an effective-date provision applicable to certain counties. *See Olentangy Local Schools Bd. of Edn. v. Delaware Cty. Bd. of Revision*, 2015-Ohio-2070, 34 N.E.3d 150, ¶ 38 (5th Dist.). Under this view, the BTA and boards of revision cannot apply

8

the H.B. 487 amendment to the properties in some counties, even if they are considering a valuation complaint for a post-2012 tax year.

{¶ 22} The intent of Section 757.51 is not clearly stated, but it is better understood as an instruction to apply the H.B. 487 amendment prospectively but not to valuations for tax year 2012. The section did not prevent the amendment from taking effect in any county or prevent boards of revision or the BTA from applying the amendment when considering post-2012 valuation complaints.

{¶ 23} Two aspects of the language used by the General Assembly support this interpretation. First, Section 757.51 directly ties the limitation to *an auditor's* application of R.C. 5713.03 when carrying out obligations under R.C. 5715.24(A) or (B). Unlike county auditors, the boards of revision and the BTA do not complete sexennial reappraisals or triennial-update valuations under R.C. 5715.24. And second, Section 757.51 twice refers to "appl[ying]" the statutes, while six other sections of H.B. 487 (Sections 812.10, 812.11, 812.12, 812.20, 812.21, and 812.30) refer to when certain parts of the act were to "take effect" or when particular legislation "takes effect." The General Assembly's use of different language in Section 757.51 signals that that section does not address the *effective date* of the amendment. Rather, it serves the more limited function of instructing county auditors not to use the amended version while completing reappraisals and updates for 2012 while also instructing them to apply the amendment at the next post-2012 reappraisal or update.

{¶ 24} Thus, as applicable in this case, R.C. 5713.03 provides that "[t]he county auditor * * * shall determine * * * the true value of *the fee simple estate, as if unencumbered, of* each separate tract, lot, or parcel of real property and of buildings, structures, and improvements located thereon * * *." (Emphasis added.) 2012 Am.Sub.H.B. No. 487. The statute further provides that if the property has been the subject of a recent arm's-length sale, "the auditor *may* consider the sale price * * * to be the true value for taxation purposes." (Emphasis added.) *Id*.

**Recent Arm's-Length Sales under R.C. 5713.03, as Amended by H.B. 487**

{¶ 25} In its first proposition of law, Terraza argues that amended R.C. 5713.03, as applicable here, significantly changes the way taxing authorities must hear and analyze a case involving the recent arm's-length sale of a lease-encumbered property. Terraza asserts that *Berea*, 106 Ohio St.3d 269, 2005-Ohio-4979, 834 N.E.2d 782, no longer controls this inquiry and that tax valuations involving recent arm's-length sales now must account for the value of encumbrances. Terraza argues that when a property is encumbered by a lease, taxing authorities must consider whether the lease calls for rent at the market rate. With this premise, Terraza contends (1) that the BOE presented "no evidence" that the sale reflected the value of the unencumbered fee-simple estate and (2) that its own evidence—i.e., Costello's appraisal—showed that the sale did not reflect the value of the unencumbered fee-simple estate.

*Legislative override of* Berea

{¶ 26} Terraza is correct that the statutory amendment overrides *Berea*. The fundamental question in *Berea* was whether a property should be valued as if unencumbered even when it was the subject of a recent arm's-length sale. *Id.* at ¶ 5-6. Relying on the plain language of former R.C. 5713.03, we held that "when the property has been the subject of a recent arm's-length sale between a willing seller and a willing buyer, the sale price of the property shall be 'the true value for taxation purposes.'" *Id*. at ¶ 13, quoting former R.C. 5713.03. The former statutory language thus foreclosed an opposing party from introducing appraisal evidence to override a recent arm's-length sale price. *See id*. at ¶ 15.

{¶ 27} In reaching that holding, we distinguished and declined to apply the first syllabus paragraph of *Alliance Towers, Ltd. v. Stark Cty. Bd. of Revision*, 37 Ohio St.3d 16, 523 N.E.2d 826 (1988), which stated, "For real property tax purposes, the fee simple estate is to be valued as if it were unencumbered." *See Berea* at ¶ 5, 14-15. The H.B. 487 amendment—requiring valuation of "the fee

simple estate, as if unencumbered"—now calls for application of that very rule, regardless of whether the property at issue was the subject of a recent sale. The General Assembly reinforced this policy change by modifying in H.B. 487 the mandatory language on which we relied in *Berea*, directing that the auditor *may*— not *shall*—"consider the sale price * * * to be the true value for taxation purposes." R.C. 5713.03. The statutory amendment thus allows taxing authorities to consider non-sale-price evidence—particularly evidence of encumbrances and their effect on sale price—in determining the true value of property that has been the subject of a recent arm's-length sale.

{¶ 28} The BOE takes a different view of the H.B. 487 amendment. The BOE's main argument is that if the H.B. 487 amendment applies here, the recent arm's-length sale price remains the "best evidence" and creates a rebuttable presumption of the property's value. We will address the merits of this argument below. The BOE also argues, however, that (1) "it would be improper to adjust this sale price because of the encumbrance" of the lease when the subject property was sold in a recent arm's-length transaction and that (2) "the appraisal evidence cannot be used to rebut the arm's-length sale." The BOE does not explain how the language of amended R.C. 5713.03 supports this view.

{¶ 29} And for its part, the BTA concluded that the changes to R.C. 5713.03 "do not overrule the directive consistently set forth by the Supreme Court that this board rely on a recent arm's-length sale of the property if evidence of such a sale is properly before us." BTA Nos. 2015-279 and 2015-280, 2015 Ohio Tax LEXIS 4165, *8 (Nov. 30, 2015). But like the BOE, the BTA did not reconcile the new statutory language with its conclusion, except to point out that R.C. 5713.03 still permits a property's recent sale price to be used in determining its value.

{¶ 30} In the absence of a persuasive argument to the contrary, we hold that H.B. 487 overrode *Berea* and that a recent arm's-length sale price is not conclusive

evidence of the true value of property under R.C. 5713.03, as amended by H.B. 487.

*The best-evidence rule of property valuation endures*

**{¶ 31}** Terraza argues that the BOE submitted no evidence showing that the February 2013 sale price reflected the value of the unencumbered fee-simple estate. In essence, Terraza contends that evidence of the sale price itself was insufficient— i.e., that a proponent of a recent sale price as indicative of value needs to submit evidence of the sale *and* affirmative evidence showing that the sale price reflects the value of the unencumbered fee-simple estate. We reject this aspect of Terraza's argument.

**{¶ 32}** Terraza's argument implicates two distinct, yet related, judicially created rebuttable presumptions. The first is the presumption that a submitted sale price "has met all the requirements that characterize true value." *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 78 Ohio St.3d 325, 327, 677 N.E.2d 1197 (1997). In *Dublin City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 118 Ohio St.3d 45, 2008-Ohio-1588, 885 N.E.2d 934, we applied *Cincinnati School Dist.* in the context of encumbrances, stating that "the burden lies upon the party who opposes the use of the sale price to show that the encumbrances on the property constitute a reason to disregard the sale price as an indicator of value." *Dublin City Schools* at ¶ 16. This supports our conclusion that the proponent of a sale is not required, as an initial matter, to affirmatively demonstrate with extrinsic evidence that a sale price reflects the value of the unencumbered fee-simple estate. Once the BOE provided basic documentation of the sale, Terraza had the burden of going forward with rebuttal evidence showing that the price did not, in fact, reflect the property's true value. *See Cincinnati School Dist.* at 327-328.

**{¶ 33}** The second presumption is rooted in the best-evidence rule of property valuation, which, as explained earlier in this opinion, provides that "[t]he

best evidence of the 'true value in money' of real property is an actual, recent sale of the property in an arm's-length transaction." *Conalco*, 50 Ohio St.2d 129, 363 N.E.2d 722, at paragraph one of the syllabus, quoting R.C. 5713.01; *Park Invest. Co.*, 175 Ohio St. at 412, 195 N.E.2d 908. We have said that this rule—which existed before R.C. 5713.03 was amended to refer to recent arm's-length sales, *see* 136 Ohio Laws, Part II, at 3247—creates a rebuttable presumption that the sale price reflected true value. *See Ratner I*, 23 Ohio St.3d at 61, 491 N.E.2d 680. Nothing suggests that the General Assembly intended to depart from this longstanding rule. Indeed, R.C. 5713.03 continues to refer to recent arm's-length sales by permitting the use of sale prices in determining value. This signals that the General Assembly still favors the use of recent arm's-length sale prices in determining value for taxation purposes.

{¶ 34} With this in mind, Terraza's argument is wrong in two respects. First, it incorrectly states that there is "no evidence" that the sale price reflected the value of the unencumbered fee-simple estate. The February 2013 sale price, which Terraza does not dispute, is the *best evidence* of the property's true value, subject to rebuttal. And second, R.C. 5713.03 does not now "*require*[ ] an inquiry into whether a lease in place reflects market rent at the time of a sale," as Terraza maintains in its first proposition of law. (Emphasis added.) Market rent becomes relevant only if an opponent presents it as evidence in an attempt to rebut a sale price.

*Terraza's rebuttal evidence*

{¶ 35} Terraza presented evidence—Costello's appraisal and testimony— in an attempt to show that its arm's-length purchase price did not reflect the value of the unencumbered fee-simple estate. It argues that the BTA's decision was unreasonable and unlawful because the BTA did not even consider that evidence.

{¶ 36} Terraza is right. Although the BTA overruled the BOE's evidentiary objection, allowed Costello to testify, and admitted her appraisal, it ultimately

applied our holding in *Berea*, valuing the property according to the sale price without addressing the substance of the appraisal. Because the BTA viewed the sale-price evidence as *irrebuttable*, its decision contravened R.C. 5713.03, as amended by H.B. 487. The decision, therefore, was unreasonable and unlawful.

{¶ 37} We decline to undertake the task that the BTA failed to perform. As would be expected, the parties disagree about the weight that should be afforded to Costello's opinions. Terraza argues that the appraisal is dispositive because its market-rent analysis refutes the usefulness of the sale price and the BOE offered no other evidence. The BOE, for its part, questions the competency and reliability of the appraisal, arguing that no one with personal knowledge testified concerning the lease. Because the BTA erroneously applied a conclusive presumption in favor of using the sale price as the value of the property, it did not fulfill its role as fact-finder concerning all the evidence before it. We vacate the BTA's decision and remand this case for the BTA to address and weigh the evidence before it in the first instance. *See Bedford Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 132 Ohio St.3d 371, 2012-Ohio-2844, 972 N.E.2d 559, ¶ 3.

### Ohio Adm.Code 5703-25-07(D)(2)

{¶ 38} In its second proposition of law, Terraza argues that Ohio Adm.Code 5703-25-07(D)(2) "requires" taxing authorities to consider whether a lease reflects market rent at the time of a sale. We hold that the administrative rule does not alter the framework outlined above, because it does not mandate a particular methodology for appraising a property's value. Ohio Adm.Code 5703-25-07(D) instructs county auditors that they "*may* consider the use of any or all of the recognized three approaches to value," and Ohio Adm.Code 5703-25-07(D)(2) addresses the income approach. (Emphasis added.) The rule does not require the use of the income approach in every valuation or require the proponent of a sale price to present evidence concerning market rent or the values of the "leasehold"

and "leased fee," terminology Terraza uses in its brief. We therefore reject Terraza's second proposition of law.

**Conclusion**

**{¶ 39}** The H.B. 487 amendment to R.C. 5713.03 applies in this case. This means that the BTA had to determine the value of the subject property's unencumbered fee-simple estate. The February 2013 sale—although recent to the tax-lien date and arm's length in nature—does not conclusively determine that value. The sale price, however, does constitute the best evidence of the property's value. Terraza presented appraisal evidence that purports to explain why the sale price did not reflect the value of the unencumbered fee-simple estate in this case. Because the BTA did not properly consider that evidence, we vacate the BTA's decision and remand the case for the BTA to address and weigh the evidence before it.

Decision vacated

and cause remanded.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, and DEWINE, JJ., concur.

_____

Sleggs, Danzinger & Gill, Co., L.P.A., and Todd W. Sleggs, for appellant.

Rich & Gillis Law Group, L.L.C., Mark Gillis, and Kimberly G. Allison, for appellee Hilliard City Schools Board of Education.

_____