[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Spirit Master Funding IX, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, Slip Opinion No. 2018-Ohio-4302.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4302

SPIRIT MASTER FUNDING IX, L.L.C., APPELLANT, *v.* CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Spirit Master Funding IX, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, Slip Opinion No. 2018-Ohio-4302.]**

*Taxation—Real-property valuation—Board of Tax Appeals failed to consider property owner's appraisal evidence—Decision of Board of Tax Appeals vacated and cause remanded.*

(No. 2016-1423—Submitted July 17, 2018—Decided October 25, 2018.)

APPEAL from the Board of Tax Appeals, Nos. 2015-2188 and 2015-2195.

_____

**Per Curiam.**

{¶ 1} This case involves the real-property valuation of a Red Lobster restaurant in the village of Orange for tax year 2014. This case is similar to *Terraza 8, L.L.C. v. Franklin Cty. Bd. of Revision*, 150 Ohio St.3d 527, 2017-Ohio-4415, 83 N.E.3d 916, and *Bronx Park S. III Lancaster, L.L.C. v. Fairfield Cty. Bd. of Revision*,

___ Ohio St.3d ___, 2018-Ohio-1589, ___ N.E.3d ___. In each case, a school board has argued that a parcel of real property should be valued based on a recent arm's-length sale price and a property owner has relied on appraisal evidence to support a lower valuation. The Board of Tax Appeals ("BTA") valued the property in each case according to the sale price, disregarding the appraisal evidence. As we did in *Terraza* and in *Bronx Park*, based on the changes to R.C. 5713.03 made by 2012 Am.Sub.H.B. No. 487, we vacate the BTA's decision and we remand the case for the BTA to weigh and address the appraisal evidence.

**Facts and Procedural History**

{¶ 2} The subject property is a 7,534-square-foot restaurant situated on 2.26 acres and owned by appellant, Spirit Master Funding IX, L.L.C. In August 2014, N and D Restaurants, Inc., sold the property to Red Lobster Hospitality, L.L.C., for $2,925,880. In December 2014, Red Lobster Hospitality sold it to Spirit Master for $3,439,029.

{¶ 3} The Cuyahoga County auditor initially assessed the property at $2,016,400 for tax year 2014. The Orange City School District Board of Education ("school board") initially complained to the Cuyahoga County Board of Revision ("BOR") that the property should have a higher valuation based on the latter of the 2014 sales. Because the August 2014 sale was closer to the tax-lien date, the school board later conceded that that sale was the one to use for valuation purposes, so long as the BOR determined that it had occurred at arm's length.

{¶ 4} The school board presented to the BOR deeds and conveyance-fee statements demonstrating both sales. For its part at the BOR hearing, Spirit Master introduced the testimony and appraisal of Richard G. Racek Jr. According to Racek, the August 2014 sale of the subject property was part of the sale of the entire Red Lobster restaurant chain for $2.1 billion. Racek stated that $2,925,880—the amount reported on the August 2014 conveyance-fee statement—was allocated to the sale of the subject property. The conveyance-fee statement reports that no part

of the $2,925,880 consideration was allocable to assets other than the real property. Racek acknowledged that the property was not encumbered by a lease at the time of the August 2014 sale, but he stated that it was encumbered by a 20-year lease that took effect around the time of the December 2014 sale. He used the income and sales-comparison approaches to reach a valuation of $1,535,000 as of January 1, 2014.

**{¶ 5}** The BOR valued the property at $2,925,900 based on the August 2014 sale. Spirit Master appealed to the BTA, arguing that Racek's appraisal—rather than either of the 2014 sale prices—reflected the true value of the property. The BTA declined to consider Racek's appraisal and retained the BOR's valuation. Relying on *Berea City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 106 Ohio St.3d 269, 2005-Ohio-4979, 834 N.E.2d 782, the BTA "reject[ed] Spirit Master's argument that changes to the language of R.C. 5713.03 grant discretion to this board to determine whether to adopt sales to determine the value of real property." BTA Nos. 2015-2188 and 2015-2195, 2016 Ohio Tax LEXIS 1873, *11 (Sept. 1, 2016). Spirit Master appealed to this court.

### Analysis

**{¶ 6}** The parties do not dispute that the August 2014 sale was at arm's length and recent to the tax-lien date. Under amended R.C. 5713.03, the price of that sale is not "conclusive evidence" of the subject property's value. *Terraza*, 150 Ohio St.3d 527, 2017-Ohio-4415, 83 N.E.3d 916, at ¶ 30. Rather, it only "presumptively represents the value of the unencumbered fee-simple estate." *Bronx Park*, ___ Ohio St.3d ___, 2018-Ohio-1589, ___ N.E.3d ___, at ¶ 13. Thus, the BTA needed "to consider not just the sale price but also any other evidence the parties present[ed] that is relevant to the value of the unencumbered fee-simple estate." *Id*. at ¶ 12. Because the BTA did not consider Spirit Master's appraisal evidence, we must vacate the BTA's decision and remand the case for the BTA to weigh and address that evidence. *See Terraza* at ¶ 39; *Bronx Park* at ¶ 13.

**{¶ 7}** The school board argues that we need not vacate the BTA's decision and remand for the BTA to weigh and address the appraisal evidence, because, according to the school board, the record does not support Racek's determination of a value that was significantly lower than the August 2014 sale price. The school board emphasizes that there is no evidence that the property was encumbered by a lease—let alone an above-market lease—in August 2014. It also notes, quoting the BTA's decision, that the BTA found " 'Racek's testimony about the sales to be unreliable hearsay.' " 2016 Ohio Tax LEXIS 1873 at *14.

**{¶ 8}** The school board is correct in pointing out that the property was not encumbered by a lease at the time of the August 2014 sale. In that respect, this case differs from *Terraza* and *Bronx Park*, both of which involved properties that were sold with above-market leases in place. *See Terraza* at ¶ 4; *Bronx Park* at ¶ 4. But despite this difference, we reject the school board's argument.

**{¶ 9}** The school board reads *Terraza* too narrowly. In *Terraza*, we held that R.C. 5713.03 permits taxing authorities to consider non-sale-price evidence. *Terraza* at ¶ 27. Later, in *Bronx Park*, we further explained that "when property was the subject of a recent arm's-length sale, the General Assembly has directed taxing authorities to consider not just the sale price but also any other evidence the parties present that is relevant to the value of the unencumbered fee-simple estate." *Id*. at ¶ 12. The school board's argument ignores the fact that appraisal evidence can both attack a sale price as evidence of true value and provide affirmative evidence of value in its own right. *See Westerville City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, ___ Ohio St.3d ___, 2018-Ohio-3855, ___ N.E.3d ___, ¶ 14. By showing that the subject property was not encumbered by an above-market lease at the time of the sale, the school board addresses only one aspect of Racek's appraisal. It fails to recognize that Racek's valuation may have some evidentiary value as an independent matter apart from that concern. Because

4

Racek's appraisal is relevant evidence, the BTA should have considered and weighed it.

**Conclusion**

{¶ 10} Because the BTA did not consider Spirit Master's appraisal evidence, we vacate the BTA's decision and remand the cause for the BTA to weigh and address that evidence in the first instance.  The BTA shall not permit the parties to submit new evidence on remand.  *See Bronx Park*, ___ Ohio St.3d ___, 2018-Ohio-1589, ___ N.E.3d ___, at ¶ 13.

Decision vacated

and cause remanded.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

_____

Sleggs, Danzinger & Gill Co., L.P.A., and Todd W. Sleggs, for appellant.

Kadish, Hinkel & Weibel, Kevin M. Hinkel, and John P. Desimone, for appellee Orange City School District Board of Education.

_____