[Cite as *Balco Realty, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 2021-Ohio-3349.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

BALCO REALTY, L.L.C., SUCCESSOR :
TO SPIRIT MASTER FUNDING IX,
L.L.C. :

           No. 110207

   Defendant-Appellant/ :
   Cross-Appellee, :

   v. :

CUYAHOGA COUNTY BOARD OF :
REVISION, ET AL.,

   Plaintiffs-Appellees, :

ORANGE CITY SCHOOL DISTRICT :
BOARD OF EDUCATION,

   Plaintiff-Appellee/ :
   Cross-Appellant. :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:**  September 23, 2021

---

Administrative Appeal from the Board of Tax Appeals
Case Nos. 2015-2188 and 2015-2195

---

### *Appearances:*

Sleggs, Danzinger & Gill, Co., LPA, and Todd W. Sleggs, *for appellant/cross-appellee*, Balco Realty, L.L.C., successor to Spirit Master Funding IX, L.L.C.

Frantz Ward L.L.P., and John P. Desimone, *for appellee/cross-appellant*, Orange City School District Board of Education.

ANITA LASTER MAYS, P.J.:

{¶ 1} Defendant-appellant/cross-appellee Balco Realty, L.L.C., successor in interest to Spirit Master Funding IX, L.L.C. ("Balco"), and appellee/cross-appellant Orange City Schools Board of Education ("BOE") appeal the real property tax valuation decision and order of the Ohio Board of Tax Appeals ("BTA"). Plaintiff-appellee Cuyahoga County Board of Revision ("BOR") did not file a brief in this case.

{¶ 2} We affirm the BTA's decision.

## I. Background

{¶ 3} The instant case involves the tax valuation of a Red Lobster Restaurant located at 3655 Orange Place, Beachwood, Ohio, permanent parcel number 901-01-064 for the 2014 tax year.[1] The case was initiated by the BOE in 2015, determined by and appealed from the BTA to the BOR, to the Ohio Supreme Court in *Spirit Master Funding IX, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 155 Ohio St.3d 254, 2018-Ohio-4302, 120 N.E.3d 815, remanded to BTA and is now on appeal.

---

[1] The parties advise that there are three other active valuation cases regarding the property: (1) BOR Case No. 901-064-2019 for tax year 2019; (2) for the 2018 tax year in *Orange City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision,* BTA No. 2020-1608; and (3) for the 2015 tax year in *Spirit Funding IX, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 2019-Ohio-1349, 135 N.E.3d 371 (8th Dist.).

**{¶ 4}** We extract portions of background information from the opinion for expedience.

> The subject property is a 7,534-square-foot restaurant situated on 2.26 acres and owned by appellant, Spirit Master Funding IX, L.L.C. In August 2014, N and D Restaurants, Inc., sold the property to Red Lobster Hospitality, L.L.C., for $2,925,880. In December 2014, Red Lobster Hospitality sold it to Spirit Master for $3,439,029.
>
> The Cuyahoga County auditor initially assessed the property at $2,016,400 for tax year 2014. Appellee Orange City School District Board of Education ("school board") initially complained to appellee Cuyahoga County Board of Revision ("BOR") that the property should have a higher valuation based on the latter of the 2014 sales. Because the August 2014 sale was closer to the tax-lien date, the school board later conceded that that sale was the one to use for valuation purposes, as long as the BOR determined that it had occurred at arm's-length.

*Id.* at ¶ 2-3.

**{¶ 5}** "The school board presented to the BOR deeds and conveyance-fee statements demonstrating both sales." *Id.* at ¶ 4.

> For its part at the BOR hearing, Spirit Master introduced the testimony and appraisal of Richard G. Racek, Jr. [("Racek").] According to Racek, the August 2014 sale of the subject property was part of the sale of the entire Red Lobster restaurant chain for $2.1 billion. Racek stated that $2,925,880 — the amount reported on the August 2014 conveyance-fee statement — was allocated to the sale of the subject property. The conveyance-fee statement reports that no part of the $2,925,880 consideration was allocable to assets other than the real property. Racek acknowledged that the property was not encumbered by a lease at the time of the August 2014 sale, but he stated that it was encumbered by a 20-year lease that took effect around the time of the December 2014 sale. He used the income and sales-comparison approaches to reach a valuation of $1,535,000 as of January 1, 2014.
>
> The BOR valued the property at $2,925,900 based on the August 2014 sale [and a tax value of $1,024,070]. Spirit Master appealed to the BTA, arguing that Racek's appraisal — rather than either of the 2014 sale prices — reflected the true value of the property. The BTA declined to consider Racek's appraisal and retained the BOR's valuation[s].

Relying on *Berea City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 106 Ohio St.3d 269, 2005-Ohio-4979, 834 N.E.2d 782, the BTA "reject[ed] Spirit Master's argument that changes to the language of R.C. 5713.03 grant discretion to this board to determine whether to adopt sales to determine the value of real property." BTA Nos. 2015-2188 and 2015-2195, 2016 Ohio Tax LEXIS 1873, *11 (Sept. 1, 2016). Spirit Master appealed to this court.

*Id.* at ¶ 4-5.

{¶ 6} The court observed that the parties agreed "the August 2014 sale was at arm's-length and recent to the tax-lien date." *Id.* at ¶ 6. However, pursuant to R.C. 5713.03 as amended, "the price of that sale is not 'conclusive evidence' of the subject property's value." *Id.*, quoting *Terraza 8, L.L.C. v. Franklin Cty. Bd. of Revision*, 150 Ohio St.3d 527, 2017-Ohio-4415, 83 N.E.3d 916, ¶ 30. "Rather, it only 'presumptively represents the value of the unencumbered fee-simple estate.'" *Id.*, quoting *Bronx Park S. III Lancaster, L.L.C. v. Fairfield Cty. Bd. of Revision*, 153 Ohio St.3d 550, 2018-Ohio-1589, 108 N.E.3d 1079, ¶ 13. *Bronx Park* requires that the BTA consider the sale price and "any other evidence the parties presented that was relevant to the value of the unencumbered fee simple estate." *Spirit Master,* 155 Ohio St.3d 254, 2018-Ohio-4302, 120 N.E.3d 815, at ¶ 6.

{¶ 7} Thus, the BTA's failure to consider the appraisal evidence was a failure to consider all of the relevant evidence. "Because Racek's appraisal is relevant evidence, the BTA should have considered and weighed it." *Id.* at ¶ 9. The court vacated and remanded the case with the directive that "[t]he BTA shall not permit the parties to submit new evidence on remand." *Id.* at ¶ 10, citing *Bronx Park* at ¶ 13.

**{¶ 8}** As instructed, on December 8, 2020, the BTA considered the Racek appraisal evidence on remand and issued its findings.[2]

> On remand, we need not address whether the August 2014 sale is reliable evidence of value. Rather, we must merely consider Racek's appraisal to determine whether it provides a better indication of value than the sale of the subject property. As we consider the appropriate weight to give Racek's appraisal, we are mindful that the "best-evidence rule of property valuation" creates a rebuttable presumption that the sale price reflected true value. *Terraza, supra.* We observe that Racek has performed a reasonable and well-supported appraisal analysis, but ignored the sales of the subject property, instead relying on the adjusted sales of other properties. All of the properties utilized by Racek required some adjustments for differences among the properties. By contrast, the sale of the subject property itself requires no adjustment and no subjectivity to determine how a hypothetical buyer would consider its physical attributes. Similarly, the income approach requires subjective judgments based on the experience of other properties rather than the experience of the subject. Thus, we find that Racek's appraisal report, which failed to utilize either sale of the subject property, should be attributed less weight than a recent arms'-length sale.
>
> We recognize that the Court previously left this Board's finding that the August 2014 sale constituted a qualifying sale of the subject property for purpose of valuation. We further note that Spirit Master has offered no evidence to show that the sale is nevertheless unreliable evidence of value. Accordingly, we find that the sale is more persuasive and should be given more weight than Racek's report.

Decision and Order, Ohio Board of Tax Appeals, p. 5 (Dec. 8, 2020).

**{¶ 9}** The BTA again determined that the true value of the property as of January 1, 2014, was $2,925,880 and the taxable value was $1,024,060.

---

[2] The BTA noted on remand that the parties waived the opportunity to appear to submit additional evidence and chose to rely on written arguments. We point out that the remanding court in *Spirit Master*, 155 Ohio St.3d 254, 2018-Ohio-4302, 120 N.E.3d 815, specified that additional evidence was not to be presented or considered. *Id.* at ¶ 10.

## II.    Direct appeal

{¶ 10} Appellant states the December 8, 2020 Decision and Order of the Board of Tax Appeals ("BTA Decision") is unlawful and erroneous in the following respects:

I.    The BTA's use of a sale that reflected the corporate spin off, bulk sale of the entire Red Lobster restaurant chain to determine value when no evidence was submitted to show that the sale reflected the unencumbered fee simple value of the real estate as required by R.C. 5713.03 is unreasonable and unlawful.

II.    The Board of Tax Appeals decision and order adopting the use of a sale when the evidence in the record showed that the sale did not reflect the unencumbered fee simple value of the real estate is unreasonable and unlawful.

III.    The Board of Tax Appeals decision and order rejecting appraisal evidence and testimony as to the unencumbered fee simple value of the real estate is unreasonable and unlawful.

IV.    The Board of Tax Appeals decision and order to reject Appellant's unrebutted appraisal evidence on the issue of the unencumbered fee simple value of the real estate is unreasonable and unlawful.

V.    The Board of Tax Appeals interpretation of R.C. 5713.03 as amended is unreasonable and unlawful.

VI.    The Board of Tax Appeals decision and order is contrary to the requirements of OAC Rule 5703-25-07, and is therefore unreasonable and unlawful.

VII.    The Board of Tax Appeals rejection or failure to consider the appraisal testimony regarding the lease encumbering the property is unreasonable and unlawful.

VIII.    There is no evidence in the record to support the Board of Tax Appeals finding that the value provided on the conveyance-fee statement reflected the value of the unencumbered fee simple interest in the real estate.  The Board of Tax Appeals decision and order is unreasonable and unlawful.

IX.  The Board of Tax Appeals decision and order requiring that a copy of the lease be included in the record is unreasonable and unlawful.  An appraiser is allowed to explain what terms in a lease do not reflect market terms as of the valuation date in the appeal.

X.  The Board of Tax Appeals characterization of the appraiser's testimony regarding the sale of the property as hearsay is unreasonable and unlawful.  An appraiser is allowed to explain why they could not use a sale to determine the unencumbered fee simple value of the real estate.

XI.  The Board of Tax Appeals decision and order ignored Evid.R. 703 regarding the bases of opinion testimony by experts and is unreasonable and unlawful.

XII.  The Board of Tax Appeals finding that "we need not address whether the August 2014 sale is reliable evidence of value" is unreasonable and unlawful.

## III.  Scope of appeal issues

{¶ 11}  The BOE asserts that the scope of consideration in this case is limited to the appraisal issue.  The Ohio Supreme Court vacated the judgment and directed that, on remand, the BTA consider the appraisal evidence that should have been weighed and considered initially.  The court specified that "[t]he BTA shall not permit the parties to submit new evidence on remand."  *Spirit Master,* 155 Ohio St.3d 254, 2018-Ohio-4302, 120 N.E.3d 815, at ¶ 10, citing *Bronx Park*, 153 Ohio St.3d 550, 2018-Ohio-1589, 108 N.E.3d 1079, at ¶ 13.

{¶ 12}  This court recently acknowledged the impact of the mandate rule on the scope of review upon remand:

"An appellate mandate works in two ways:  it vests the lower court on remand with jurisdiction and it gives the lower court on remand the authority to render judgment consistent with the appellate court's judgment.  Under the 'mandate rule,' a lower court must 'carry the mandate of the upper court into execution and not consider the

questions which the mandate laid at rest.' *Sprague v. Ticonic Natl. Bank*, 307 U.S. 161, 168, 59 S.Ct. 777, 83 L.Ed. 1184 (1939); *see also State ex rel. Cordray v. Marshall*, 123 Ohio St.3d 229, 2009-Ohio-4986, at ¶ 32, 915 N.E.2d 633 ('We have expressly held that the Ohio Constitution does not grant to a court of common pleas jurisdiction to review a prior mandate of a court of appeals.'). The lower court may, however, rule on issues left open by the mandate. *Id.* But when the mandate leaves nothing left to decide, the lower court is bound to execute it. *Id.* We have stated that the mandate rule 'provides that a lower court on remand must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court.' *State v. Larkins*, 8th Dist. [Cuyahoga] No. 85877, 2006-Ohio-90, at ¶ 31."

*KeyBank Natl. Assn. v. Thalman,* 8th Dist. Cuyahoga No. 108123, 2020-Ohio-660, ¶ 35, quoting *State v. Carlisle*, 8th Dist. Cuyahoga No. 93266, 2010-Ohio-3407, ¶ 16.

{¶ 13} As the BTA acknowledged, "[o]n remand, we need not address whether the August 2014 sale is reliable evidence of value. Rather, we must merely consider Racek's appraisal to determine whether it provides a better indication of value than the sale of the subject property." BTA Decision and Order, Case Nos. 2015-2188 and 2015-2195, p. 4. (Dec. 8, 2020).

{¶ 14} Based on the court's mandate, we focus our analysis solely on the BTA's consideration of the appraisal evidence.

## IV. Discussion

### A. Standard of Review

{¶ 15} This court's standard of review is set forth in R.C. 5717.04:

If upon hearing and consideration of such record and evidence the court decides that the decision of the board appealed from is reasonable and lawful it shall affirm the same, but if the court decides that such decision of the board is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter final judgment in accordance with such modification.

**{¶ 16}** ""The fair market value of property for tax purposes is a question of fact, the determination of which is primarily within the province of the taxing authorities.'"" *Orange City School Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 8th Dist. Cuyahoga No. 107199, 2019-Ohio-634, ¶ 17, quoting *Schutz v. Cuyahoga Cty. Bd. of Revision*, 153 Ohio St.3d 23, 2018-Ohio-1588, 100 N.E.3d 362, ¶ 6, quoting *Cuyahoga Cty. Bd. of Revision v. Fodor*, 15 Ohio St.2d 52, 239 N.E.2d 25 (1968), syllabus. ""[T]his court will not disturb a decision of the [BTA] with respect to such valuation unless it affirmatively appears from the record that such decision is unreasonable or unlawful.'"" *Id.*, quoting *Schutz* at ¶ 6, quoting *Fodor* at syllabus. Thus, this court must "affirm the BTA's decision if it is 'reasonable and lawful.' *Id.*; R.C. 5717.04; *Satullo v. Wilkins*, 111 Ohio St.3d 399, 2006-Ohio-5856, 856 N.E.2d 954, ¶ 14." *Id.* at ¶ 18.

**{¶ 17}** Our review of the legal questions addressed by the BTA is de novo, but "we defer to the BTA's factual findings, including determinations of property value, as long as they are supported by reliable and probative evidence in the record." *Id.* at ¶ 18, citing *Lunn v. Lorain Cty. Bd. of Revision*, 149 Ohio St.3d 137, 2016-Ohio-8075, 73 N.E.3d 486, ¶ 13.

## B.    Analysis

**{¶ 18}** We reiterate that

R.C. 5713.03 requires county auditors to "determine, as nearly as practicable, the true value of the fee simple estate, as if unencumbered * * *," of real property. In so doing, if the property "has been the subject of an arm's- length sale between a willing seller and a willing buyer within a reasonable length of time, * * * the auditor may

consider the sale price * * * to be the true value for taxation purposes."
*Id.*

*Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 159 Ohio St.3d 283, 2020-Ohio-353, 150 N.E.3d 877, ¶ 28; *Spirit Master*, 155 Ohio St.3d 254, 2018-Ohio-4302, 120 N.E.3d 815, at ¶ 6.

{¶ 19} R.C. 5713.03 creates a rebuttable presumption that a property's recent sale price in an arm's-length transaction constitutes the best evidence of the true monetary value. *Columbus City Schools Bd. of Edn.* at ¶ 29, quoting *Terraza 8,* 150 Ohio St.3d 527, 2017-Ohio-4415, 83 N.E.3d 916, at ¶ 33, quoting *Conalco, Inc. v. Monroe Cty. Bd. of Revision*, 50 Ohio St.2d 129, 363 N.E.2d 722 (1977), paragraph one of the syllabus, quoting R.C. 5713.01. The court also recognizes "'a companion presumption that 'a submitted sale price "has met all the requirements that characterize true value,'" subject to rebuttal by proof that the sale was not at arm's-length or not recent.'" *Id.* at ¶ 29, quoting *Terraza 8* at ¶ 32, quoting *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 78 Ohio St.3d 325, 327, 677 N.E.2d 1197 (1997).

{¶ 20} It is undisputed that the appellant bears the burden of proof when appealing to the BTA. *Shinkle v. Ashtabula Cty. Bd. of Revision*, 135 Ohio St.3d 227, 2013-Ohio-397, 985 N.E.2d 1243. This court defers to the BTA's factual findings where they are not unlawful or unreasonable. We do not find that is the case upon our review of the record.

{¶ 21} The parties agreed that the $2,925,880 August 2014 sale was recent to the tax-lien date and was at arm's-length. The conveyance fee statement that accompanied the deed lists the price at $2,925,880. Racek stated that the property was not unencumbered by a lease at the time and confirmed that the stated amount was allocated to the sale of the property.

{¶ 22} Racek determined that the unencumbered fee simple interest value was $1,535,000. Balco explains that the valuation is based on "the contract rent (from the December 29, 2014 sale and leaseback transaction) of the property" and "current economic (market) rent" and "a market vacancy and collection loss, expenses and capitalization rate in valuing the unencumbered fee simple interest in the real property under the income approach at $1,570,000." Appellant's brief, p. 5. In addition, Racek employed a sales comparison analysis and arrived at the $1,535,000 valuation.

{¶ 23} Balco offers that the BTA's decision and order finding that the appraisal evidence lacked weight conflicts with Ohio Adm.Code 5703-25-07 that governs appraisals. Ohio Adm.Code 5703-25-07(D) authorizes the use of the market data, income, and cost approaches.

> (D) In arriving at the estimate of true value the county auditor may consider the use of any or all of the recognized three approaches to value: * * *
>
> (1) The market data approach — The value of the property is estimated on the basis of recent sales of comparable properties in the market area after allowance for variation in features or conditions. The use of the gross rent multiplier is an adaptation of the market approach useful in

appraising rental properties such as apartments. This is most applicable to the types of property that are sold often.

(2) The income approach — The value is estimated by capitalizing the net income after expenses, including normal vacancies and credit losses. While the contract rental or lease of a given property is to be considered the current economic rent should be given weight. Expenses should be examined for extraordinary items. In making appraisals by the income approach for tax purposes in Ohio provision for expenses for real property taxes should be made by calculating the effective tax rate in the given tax district as defined in paragraph (E) of rule 5703-25-05 of the Administrative Code, and adding the result to the basic interest and capitalization rate, interest and capitalization rates should be determined from market data allowing for current returns on mortgages and equities. The income approach should be used for any type of property where rental income or income attributed to the real property is a major factor in determining value. The value should consider both the value of the leased fee and the leasehold.

(3) The cost approach — The value is estimated by adding to the land value, as determined by the market data or other approach, the depreciated cost of the improvements to land. In some types of special purpose properties where there is a lack of comparable sales or income information this is the only approach. Due to the difficulties in estimating accrued depreciation, older or obsolete buildings value estimates often vary from the market indications.

{¶ 24} Balco argues that the BOE failed to show that the sale price sufficiency represented the unencumbered fee simple value and that Ohio Adm.Code 5703-25-07(D)(2) applies here. The appellant in *Terraza* posed similar challenges. The court explained "Terraza's argument implicates two distinct, yet related, judicially created rebuttable presumptions." *Terraza,* 150 Ohio St.3d 527, 2017-Ohio-4415, 83 N.E.3d 916, at ¶ 32.

> The first is the presumption that a submitted sale price "has met all the requirements that characterize true value." *Cincinnati School Dist. Bd. of Edn.,* 78 Ohio St.3d 325, 327, 677 N.E.2d 1197. In *Dublin City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* 118 Ohio St.3d 45, 2008-Ohio-1588, 885 N.E.2d 934, we applied *Cincinnati School Dist.*

in the context of encumbrances, stating that "the burden lies upon the party who opposes the use of the sale price to show that the encumbrances on the property constitute a reason to disregard the sale price as an indicator of value." This supports our conclusion that the proponent of a sale is not required, as an initial matter, to affirmatively demonstrate with extrinsic evidence that a sale price reflects the value of the unencumbered fee-simple estate. Once the BOE provided basic documentation of the sale, *Terraza* had the burden of going forward with rebuttal evidence showing that the price did not, in fact, reflect the property's true value. *See Cincinnati School Dist. Bd. of Edn.*, 78 Ohio St.3d 325, 327, 677 N.E.2d 1197, at 327-328.

*Id.* at ¶ 32.

{¶ 25} The *Terraza* court next addressed the second presumption:

The second presumption is rooted in the best-evidence rule of property valuation, which, as explained earlier in this opinion, provides that "[t]he best evidence of the 'true value in money' of real property is an actual, recent sale of the property in an arm's-length transaction." *Conalco*, 50 Ohio St.2d 129, 363 N.E.2d 722, at paragraph one of the syllabus, quoting R.C. 5713.01; *Park Invest. Co.*, 175 Ohio St. at 412, 195 N.E.2d 908. We have said that this rule — which existed before R.C. 5713.03 was amended to refer to recent arm's-length sales, *see* 136 Ohio Laws, Part II, at 3247 creates a rebuttable presumption that the sale price reflected true value. *See Ratner I*, 23 Ohio St.3d at 61, 491 N.E.2d 680. Nothing suggests that the General Assembly intended to depart from this longstanding rule. Indeed, R.C. 5713.03 continues to refer to recent arm's-length sales by permitting the use of sale prices in determining value. This signals that the General Assembly still favors the use of recent arm's-length sale prices in determining value for taxation purposes.

*Id.* at ¶ 33.

{¶ 26} The conveyance fee "statement has been important in other cases involving the sale price of real estate as we have often justified applying the sale-price presumption to the amount the property owner reported on the conveyance-fee statement." *Columbus City School Bd. of Edn.*, 159 Ohio St.3d 283, 2020-Ohio-353, 150 N.E.3d 877, at ¶ 44.

{¶ 27} The parties agreed the conveyance fee sum stated the amount allocable to the property. Racek acknowledged that the property was not encumbered by a lease at the time of the August 2014 transaction. *Spirit Master*, 155 Ohio St.3d 254, 2018-Ohio-4302, 120 N.E.3d 815, at ¶ 4. The BTA weighed the appraisal evidence and determined that Racek's assessments required adjustments to compensate for the value of comparable properties Racek relied on to support his findings. BTA afforded greater weight to the sale price.

{¶ 28} We do not find that the BTA's decision was unlawful or unreasonable. *Fodor*, 15 Ohio St.2d 52, 239 N.E.2d 25 (1968), syllabus. Balco's arguments do not support a reversal. *In re S.M.T.*, 8th Dist. Cuyahoga No. 97181, 2012-Ohio-1745, ¶ 3. In addition, our determination renders the remaining assigned errors moot. App.R. 12(A)(1)(c).

## V. Cross-Appeal

{¶ 29} The BOE presents a single issue on cross-appeal: The Board of Tax Appeals erred when failing to value the real property at a December 29, 2014 sale. As the BOE posits in its brief as a possibility, our determination that the scope of the appeal is limited to review of the appraisal issue moots our consideration of this assigned error. App.R. 12(A)(1)(c).

## VI. Conclusion

{¶ 30} Judgment affirmed.

It is ordered that appellee/cross-appellant recover from appellant/cross-appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Ohio Board of Tax Appeals to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, PRESIDING JUDGE

LARRY A. JONES, SR., J., and
MICHELLE J. SHEEHAN, J., CONCUR