[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Bronx Park S. III Lancaster, L.L.C. v. Fairfield Cty. Bd. of Revision,* Slip Opinion No. 2018-Ohio-1589.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-1589

BRONX PARK SOUTH III LANCASTER, L.L.C., ET AL., APPELLANTS, *v.*

FAIRFIELD COUNTY BOARD OF REVISION ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Bronx Park S. III Lancaster, L.L.C. v. Fairfield Cty. Bd. of Revision,* Slip Opinion No. 2018-Ohio-1589.]**

*Taxation—Real-property valuation—Board of Tax Appeals failed to consider property owners' appraisal evidence—Decision vacated and cause remanded for Board of Tax Appeals to weigh and address the evidence presented below, including the appraisal evidence.*

(No. 2016-1468—Submitted January 25, 2018—Decided April 25, 2018.)

APPEAL from the Board of Tax Appeals, No. 2015-973.

_____

**O'CONNOR, C.J.**

{¶ 1} This case involves the real-property valuation of a Walgreens drugstore in Lancaster for tax year 2014.  The facts and procedural history of this case largely mirror those of *Terraza 8, L.L.C. v. Franklin Cty. Bd. of Revision*, 150

Ohio St.3d 527, 2017-Ohio-4415, 83 N.E.3d 916.  As in *Terraza*, a school board seeks to have real property valued according to a recent arm's-length sale price, while the property owners, relying on appraisal evidence, contend that under R.C. 5713.03 as amended by 2012 Am.Sub.H.B. No. 487 ("H.B. 487"), a lease encumbrance precludes use of the sale price to value the property.  The Board of Tax Appeals ("BTA") disregarded the owners' appraisal and valued the property according to the sale price.  As in *Terraza*, we vacate the BTA's decision and remand the case for the BTA to weigh and address the appraisal evidence.  *See Terraza* at ¶ 39.

### Facts and Procedural History

**{¶ 2}** The subject property is a 13,650-square-foot drugstore situated on approximately 1.2 acres in Lancaster and owned by appellants, Bronx Park South III Lancaster, L.L.C., and Fairmont Lancaster, L.L.C. (collectively, "Bronx Park").  The building was constructed in 2004 and is leased to the Walgreen Company.  The lease term, which began in 2004, is 75 years, the first 25 of which are fixed; every five years thereafter, the tenant has the option to terminate the lease.  The tenant is responsible for all expenses, and the rental rate is fixed for the life of the lease at $27,500 per month ($24.18 per square foot).

**{¶ 3}** The Fairfield County auditor assessed the property at $1,084,660 for tax year 2014.  Appellee Lancaster City School District Board of Education ("the BOE") complained to appellee Fairfield County Board of Revision ("the BOR") that the property should have been valued at $5,641,100, because that is what Bronx Park paid for it in July 2014.  The BOR agreed and increased the property's valuation to $5,641,100.  Bronx Park appealed to the BTA.

**{¶ 4}** At the BTA hearing, Bronx Park introduced the testimony and appraisal of Sara H. Coers, a member of the Appraisal Institute, who concluded that the sale price represented the value of the "leased fee," not the unencumbered fee-simple estate.  Based on her interview of the attorney who represented Bronx Park

2

during the sale, Coers reported that Bronx Park "was motivated by the cap[italization] rate for which the property could be acquired, including the quality of the tenant and the length of the lease in place."

{¶ 5} Coers also reported that the sale was a like-kind exchange under 26 U.S.C. 1031 and that representatives of Bronx Park had never been to the subject property or to Lancaster. She noted that Walgreens is a high-quality tenant, that the lease provides for a rental rate that is more than double the market rent, and that the term exceeds what is generally available in the market. She noted that "[t]he real property would not command this price if it were vacant, leased at market levels after exposure of the market, or occupied by a less creditworthy tenant or a tenant with a shorter remaining lease term."

{¶ 6} Using the cost, income, and sales-comparison approaches, Coers appraised the value of the "fee-simple interest as if unencumbered" at $1,660,000 as of January 1, 2014.

{¶ 7} The BTA refused to address the merits of the appraisal and retained the BOR's valuation of $5,641,100. Bronx Park appealed to this court.

### Analysis

*Standard of review*

{¶ 8} We must affirm the BTA's decision if it is "reasonable and lawful." R.C. 5717.04. Because this appeal presents only legal issues, our review is de novo. *Akron City School Dist. Bd. of Edn. v. Summit Cty. Bd. of Revision*, 139 Ohio St.3d 92, 2014-Ohio-1588, 9 N.E.3d 1004, ¶ 10-11.

*Constitutional issue*

{¶ 9} Before examining the BTA's decision, we first must address the BOE's suggestion that the H.B. 487 amendments to R.C. 5713.03, which require the fee-simple estate to be valued "as if unencumbered," are unconstitutional.

{¶ 10} The BOE did not challenge the constitutionality of the amended statute until its appeal to this court, and its argument here is undeveloped. Although

the BOE refers to the "Constitutional requirements" of valuation arising under Article XII, Section 2 of the Ohio Constitution, the BOE fails to articulate precisely how it believes R.C. 5713.03 violates that provision. When given an opportunity to explain its constitutional challenge at oral argument, the BOE's counsel referred only generally to a "constitutional definition" of "true value" that, the BOE says, requires reliance on a sale price. The BOE has not formulated a clear argument, and "[w]hile there may be exceptions, it is not generally the proper role of this court to develop a party's arguments," *In re Application of Columbus S. Power Co.*, 129 Ohio St.3d 271, 2011-Ohio-2638, 951 N.E.2d 751, ¶ 19.

{¶ 11} Under these circumstances, we decline to decide in this case whether R.C. 5713.03 as amended by H.B. 487 violates Article XII, Section 2 of the Ohio Constitution.

*Remand for consideration of the appraisal evidence*

{¶ 12} In *Terraza*, we held that "a recent arm's-length sale price is not conclusive evidence of the true value of property under R.C. 5713.03, as amended by H.B. 487." 150 Ohio St.3d 527, 2017-Ohio-4415, 83 N.E.3d 916, at ¶ 30. Accordingly, when property was the subject of a recent arm's-length sale, the General Assembly has directed taxing authorities to consider not just the sale price but also any other evidence the parties present that is relevant to the value of the unencumbered fee-simple estate. *See id*. at ¶ 31-37.

{¶ 13} The parties do not dispute that the H.B. 487 amendments to the statute apply here, so this appeal presents a straightforward application of *Terraza*: the July 2014 sale presumptively represents the value of the unencumbered fee-simple estate, but the BTA must also weigh Bronx Park's appraisal evidence. *See Terraza* at ¶ 31-37. Because the BTA did not consider the appraisal evidence, we vacate the BTA's decision and remand the case for the BTA to weigh and address the evidence that was presented below, including the appraisal evidence. *See id*. at ¶ 39. The BTA should not permit the parties to submit new evidence on remand.

Decision vacated
and cause remanded.

O'DONNELL, FRENCH, MOCK, FISCHER, and DeWINE, JJ., concur.

KENNEDY, J., concurs in judgment only.

RUSSELL J. MOCK, J., of the First District Court of Appeals, sitting for O'NEILL, J.

_____

Siegel Jennings Co., L.P.A., Victor Anselmo, J. Kieran Jennings, and Jason Lindholm, for appellants.

Rich & Gillis Law Group, L.L.C., Mark Gillis, Karol C. Fox, and Kelley A. Gorry, for appellee Lancaster City School District Board of Education.

_____