**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *GC Net Lease @ (3) (Westerville) Investors, L.L.C. v. Franklin Cty. Bd. of Revision,* **Slip Opinion No. 2018-Ohio-3856.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-3856

GC NET LEASE @ (3) (WESTERVILLE) INVESTORS, L.L.C., APPELLANT, *v.* FRANKLIN COUNTY BOARD OF REVISION ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *GC Net Lease @ (3) (Westerville) Investors, L.L.C. v. Franklin Cty. Bd. of Revision,* **Slip Opinion No. 2018-Ohio-3856.]**

*Real-property valuation—R.C. 5713.03—Board of Tax Appeals' decision vacated and cause remanded based on reasoning in* Westerville City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision.

(No. 2017-0792—Submitted June 12, 2018—Decided September 26, 2018.)

APPEAL from the Board of Tax Appeals, No. 2016-540.

————————————

**Per Curiam.**

{¶ 1} At issue in this real-property tax case is the tax-year-2014 value of a single-tenant office building occupied by J.P. Morgan Chase under a net lease. Under R.C. 5713.03, the fee-simple estate must be valued as if unencumbered. The question presented is whether the Board of Tax Appeals ("BTA") acted reasonably

and lawfully by adopting the property's sale price without giving full consideration to the appraisal offered by the property owner.

{¶ 2} In *Westerville City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, __ Ohio St.3d __, 2018-Ohio-3855, __ N.E.3d __, we considered the same issue with regard to the valuation of the same property for tax year 2013. In that case, we applied *Terraza 8, L.L.C. v. Franklin Cty. Bd. of Revision*, 150 Ohio St.3d 527, 2017-Ohio-4415, 83 N.E.3d 916, and held that the BTA had not properly performed its fact-finding duties, and we vacated the BTA's decision and remanded the cause for further proceedings. Because we draw the same conclusion here, we vacate the BTA's decision in this case and remand the cause for further proceedings.

## I. Background

{¶ 3} On March 31, 2015, appellant, GC Net Lease @ (3) (Westerville) Investors, L.L.C., the property owner, filed a complaint challenging the auditor's value of $35,500,000 and seeking a reduction to a value of $28,000,000 for tax year 2014.

{¶ 4} Appellee Franklin County Board of Revision ("BOR") held a hearing at which GC Net Lease presented the appraisal report and testimony of Samuel D. Koon, a member of the Appraisal Institute. By reconciling his valuations under an income approach and a sales-comparison approach, Koon arrived at an opinion of value of $28,500,000 as of January 1, 2014. At the hearing, appellee Westerville City Schools Board of Education ("BOE") presented the deed, conveyance-fee statement, and purchase agreement relating to a November 2013 sale of the property for $44,500,000. The BOR noted the appraisal but adopted the sale price of $44,500,000 as the property value for 2014 and 2015.[1]

---

[1] In its decision, the BTA vacated the BOR's determination of value for 2015, given that that determination was issued on March 9, 2016, before the period for filing a complaint against 2015

**{¶ 5}** GC Net Lease appealed, and at the BTA hearing, the property owner again presented Koon's testimony and introduced his appraisal report and the BOE again introduced the conveyance-fee statement and deed for the November 2013 sale. In support of its decision, the BTA cited *Berea*-era caselaw. *See Berea City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 106 Ohio St.3d 269, 2005-Ohio-4979, 834 N.E.2d 782. In particular, it quoted the pronouncement that " 'it would never be proper to adjust a recent arm's-length sale price because of an encumbrance.' " BTA No. 2016-540, 2017 WL 2269667, *4 (May 17, 2017), quoting *HIN, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 138 Ohio St.3d 223, 2014-Ohio-523, 5 N.E.3d 637, ¶ 24, citing *Cummins Property Servs., L.L.C. v. Franklin Cty. Bd. of Revision*, 117 Ohio St.3d 516, 2008-Ohio-1473, 885 N.E.2d 222, ¶ 25-26. Later in its decision, the BTA said that because the sale price is the best evidence of value, it would not consider Koon's appraisal report. As it had in *Westerville City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, BTA Nos. 2015-828 and 2015-1165, 2016 WL 3401901 (May 19, 2016), the BTA cited *Pingue v. Franklin Cty. Bd. of Revision*, 87 Ohio St.3d 62, 64, 717 N.E.2d 293 (1999), in support of this statement.

**{¶ 6}** But as the BOE points out, there is a notable difference between the BTA decision on appeal in this case and the BTA decision on appeal in *Westerville City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, __ Ohio St.3d __, 2018-Ohio-3855, __ N.E.3d __. In the decision on appeal in this case, the BTA indicated that it took the appraisal evidence into account when it stated, "[I]t would be improper to adjust the $44,500,000 sale price because of the lease, particularly in this instance when the evidence suggested that the underlying lease was at, or below, market rents." 2017 WL 2269667 at *4.

---

had expired. BTA No. 2016-540, 2017 WL 2269667 (May 17, 2017). That ruling has not been challenged on appeal.

**{¶ 7}** GC Net Lease appeals from the BTA's adoption of the $44,500,000 sale price as the tax-year-2014 value of the property.

## II. Analysis

**{¶ 8}** The issue in the present appeal was also presented in *Westerville City Schools*, __ Ohio St.3d __, 2018-Ohio-3855, __ N.E.3d __, and we rely on the reasoning in that opinion in vacating the BTA's decision in this case and remanding the cause to the BTA.

**{¶ 9}** The BOE contends that, unlike its decision in *Westerville City Schools*, the BTA's decision in this case complied with *Terraza 8* by considering the appraisal evidence. We disagree. The BTA's finding that the "lease was at, or below, market rents," 2017 WL 2269667 at *4, in no way constitutes a full consideration of the appraisal evidence as contemplated by *Terraza 8*. For one thing, the brief statement appears between pronouncements that indicate that the appraisal is not relevant and will not be considered.

**{¶ 10}** More importantly, the difference between actual rent and market rent is only one factor that might make an existing lease affect the sale price. To be sure, the amount a building tenant pays in rent generally affects what a potential purchaser would pay to own the building. But the amount of rent charged under a lease has to be considered in the context of at least two other factors: the creditworthiness of the tenant and whether the lease at issue is a net lease, under which the tenant defrays the expenses relating to the real estate. Here, the appraisal indicates that the November 2013 purchase price of $44,500,000 relates to a property occupied by J.P. Morgan Chase, as tenant under a 15-year net lease, paying rent that is at or below a market rate. The convergence of these circumstances could affect the price a buyer would pay for the property, possibly elevating it above what the same buyer would pay for the unencumbered fee-simple estate.

**{¶ 11}** Finally, in *Westerville City Schools*, __ Ohio St.3d __, 2018-Ohio-3855, __ N.E.3d __, we held that the 2012 Am.Sub.H.B. No. 487 amendments to

R.C. 5713.03 made appraisal evidence admissible and competent alongside sale-price evidence in determining a property's value. A cursory mention of one aspect of the appraisal does not constitute a full consideration of the evidentiary value of the appraisal.

### III. Conclusion

{¶ 12} For the foregoing reasons, we vacate the decision of the BTA and remand the cause for further proceedings. On remand, the BTA must consider the appraisal evidence alongside the sale price as evidence of the property's value and give due consideration to whether the sale price reflects the value of the unencumbered fee-simple estate. The BTA must decide the cause on the existing record, *Bronx Park S. III Lancaster, L.L.C. v. Fairfield Cty. Bd. of Revision*, ___ Ohio St.3d ___, 2018-Ohio-1589, ___ N.E.3d ___, ¶ 13, but must consider any timely objections that were previously advanced by the BOE against the appraisal evidence.

Decision vacated

and cause remanded.

O'CONNOR, C.J., and O'DONNELL, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

KENNEDY, J., concurs in judgment only.

_____

Sleggs, Danzinger & Gill, Co., L.P.A., and Todd W. Sleggs, for appellant.

Rich & Gillis Law Group, L.L.C., and Kimberly G. Allison, for appellee Westerville City Schools Board of Education.

_____