[Cite as *Spirit Master Funding IX, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 2019-Ohio-1349.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

SPIRIT MASTER                                 :
FUNDING IX, L.L.C., Et Al.,

      Plaintiffs-Appellants/          :
      Cross-Appellees

                                  No. 107382

      v.                              :

CUYAHOGA COUNTY
BOARD OF REVISION, Et Al.,                    :

      Defendants-Appellees/
      Cross-Appellants.               :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** April 11, 2019

---

Administrative Appeal from the Board of Tax Appeals
Case No. BTA 2017-73

---

### *Appearances:*

Todd W. Sleggs, *for appellant/cross-appellee.*

   John P. Desimone and Kevin M. Hinkel, *for appellee/cross-appellant.*

PATRICIA ANN BLACKMON, J.:

{¶ 1} This matter arises from the decision of the Board of Tax Appeals

("BTA") affirming the Cuyahoga County Board of Revision's ("BOR") 2015 valuation

of parcel number 901-01-064. Property owner Spirit Master Funding IX, L.L.C. ("Spirit Master") appeals, assigning eleven errors for our review, and Orange City School District ("Orange School District") assigns one error. [1]

{¶ 2} Having reviewed the record and the controlling case law, including the Ohio Supreme Court's recent decision in *Spirit Master Funding v. Cuyahoga Cty. Bd. of Revision*, Slip Opinion No. 2018-Ohio-4302, ("*Spirit Master* I"), we vacate the BTA's decision as to the 2015 valuation and remand in order for the BTA to weigh and address Spirit Master's appraisal evidence.

{¶ 3} The subject property is a 7,534-square-foot restaurant situated on 2.26 acres. In August 2014, N and D Restaurants, Inc., sold the property to Red Lobster Hospitality, L.L.C., for $2,925,880. In December 2014, Red Lobster Hospitality sold it to Spirit Master for $3,439,029. *See Spirit Master* I, at ¶ 2.

{¶ 4} The Cuyahoga County auditor assessed the property at $2,016,400 for tax years 2014 and 2015. Spirit Master filed a complaint with the BOR seeking a decrease in value to $1,535,000 for both 2014 and 2015, based on an appraisal by appraiser Richard G. Racek, Jr. ("Racek"). Orange School District filed a countercomplaint for an increase in valuation for both 2014 and 2015, arguing that the property should be valued at $3,439,000 based on the December 2014 sale. *Id.* at ¶ 3.

---

[1] *See* appendix.

{¶ 5}   For its evidence as to both tax years 2014 and 2015, Spirit Master relied upon Racek's appraisal.[2]  Essentially, Racek argued to the BOR:

> [T]he August 2014 sale of the subject property was part of the sale of the entire Red Lobster restaurant chain for $2.1 billion.  Racek stated that $2,925,880—the amount reported on the August 2014 conveyance-fee statement — was allocated to the sale of the subject property.  The conveyance-fee statement reports that no part of the $2,925,880 consideration was allocable to assets other than the real property.  Racek acknowledged that the property was not encumbered by a lease at the time of the August 2014 sale, but he stated that it was encumbered by a 20-year lease that took effect around the time of the December 2014 sale.   He used the income and sales-comparison approaches to [claim] a valuation of $1,535,000 as of January 1, 2014.

*Id.* at ¶ 4.  In opposition, Orange School District presented to the BOR deeds and conveyance-fee statements demonstrating the prices from both sales.  *Id.*

## 2014 Valuation

{¶ 6}   Ultimately, with regard to the 2014 valuation,

> The BOR valued the property at $2,925,900 based on the August 2014 sale.  Spirit Master appealed to the BTA, arguing that Racek's appraisal — rather than either of the 2014 sale prices — reflected the true value of the property.  The BTA declined to consider Racek's appraisal and retained the BOR's valuation.  Relying on *Berea City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 106 Ohio St.3d 269, 2005-Ohio-4979, 834 N.E.2d 782, the BTA "reject[ed] Spirit Master's argument that [the recent amendment of] R.C. 5713.03 grant[s] discretion to this board to determine whether to adopt sales to determine the value of real property."  BTA Nos. 2015-2188 and 2015-2195, 2016 Ohio Tax LEXIS 1873, 11 (Sept. 1, 2016).

---

[2] Although this appeal concerns the 2015 valuation, no audio recording from the underlying BOR hearing was available due to technical issues, so the parties have agreed to provide the BTA and this court with a transcript of the hearing on the 2014 valuation of the subject property involving the same parties, same sales, and same appraisal report.

*See Spirit Master* I, ¶ 5.  Additionally, the BTA held that Racek's testimony was "unreliable hearsay" because "there was no indication that he had firsthand knowledge of the sales."

{¶ 7}　　Spirit Master appealed the BTA's 2014 value of $2,925,900 to the Ohio Supreme Court.  The court noted that although the August 2014 sale was an arm's-length transaction, under the 2012 amendments to R.C. 5713.03 effective beginning tax year 2013, this sale price was not conclusive evidence of the subject property's value.  *Id.* at ¶ 6.  Rather, the sale price "'presumptively represents the value of the unencumbered fee-simple estate.'"  *Id.*, quoting *Terraza 8, L.L.C. v. Franklin Cty. Bd. of Revision*, 150 Ohio St.3d 527, 2017-Ohio-4415, 83 N.E.3d 916, and *Bronx Park S. III Lancaster, L.L.C. v. Fairfield Cty. Bd. of Revision*, 153 Ohio St.3d 550, 2018-Ohio-1589, 108 N.E.3d 1079.  The Ohio Supreme Court also recognized that although the subject property was not encumbered by a lease at the time of the August 2014 sale, Racek's valuation should have been considered for this tax year.  The court explained:

> The school board reads *Terraza* too narrowly.  In *Terraza*, we held that R.C. 5713.03 permits taxing authorities to consider non-sale-price evidence.  *Terraza* at ¶ 27.  Later, in *Bronx Park*, we further explained that "when property was the subject of a recent arm's-length sale, the General Assembly has directed taxing authorities to consider not just the sale price but also any other evidence the parties present that is relevant to the value of the unencumbered fee-simple estate." *Id.* at ¶ 12.  The school board's argument ignores the fact that appraisal evidence can both attack a sale price as evidence of true value and provide affirmative evidence of value in its own right.  *See Westerville City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 154 Ohio St.3d 308 2018-Ohio-3855, ＿＿ N.E.3d ＿＿, ¶ 14.  By showing that the subject property was not encumbered by an above-market lease at

the time of the sale, the school board addresses only one aspect of Racek's appraisal. It fails to recognize that Racek's valuation may have some evidentiary value as an independent matter apart from that concern. Because Racek's appraisal is relevant evidence, the BTA should have considered and weighed it.

*Id.* at ¶ 9. The court vacated the BTA's decision for tax year 2014 and remanded the matter to the BTA with instructions that it consider and weigh Spirit Master's appraisal evidence from Racek.

**2015 Valuation**

{¶ 8} As explained by the BTA,

[T]he evidence presented in [the 2014 case] was the same [as that presented in the 2015 case], i.e., conveyance fee statements and deeds evidencing the two sales of the property in August 2014 and December 2014, and an appraisal of the property by * * * Racek, opining value of $1,535,000 as of January 1, 2014 and January 1, 2015.

Essentially, Racek opined that the December 2014 sale price represented the value of the "leased fee," not the unencumbered fee-simple estate that determines value under R.C. 5713.03. He indicated that the prices for leased parcels were significantly higher than the prices for unencumbered parcels because properties that are leased generally sell for far more per square foot than ones that are not leased, so the sale price exceeded the true value of the unencumbered fee-simple estate.

{¶ 9} In determining the 2015 valuation, the BOR increased the value of the property to $3,439,000, finding the December 2014 sale was a recent, arm's-length transaction and the best evidence of value. Spirit Master appealed to the BTA.

{¶ 10} In June 2018, or several months before the release of the Ohio Supreme Court's decision on the 2014 valuation in *Spirit Master* I, the BTA affirmed the BOR's 2015 increase in value to $3,439,000. The BTA recognized that the amendment to R.C. 5713.03 calls for valuing the "fee-simple estate, as if unencumbered." The BTA also applied the rule announced in *Terraza* for consideration of whether the property is subject to a lease, such that the sale price did not reflect what the buyers in the market would pay for the unencumbered real estate. However, the BTA held:

> As the [Orange School District] noted in its written argument, no one personally involved with any of the transfers of the subject property testified before the BOR or this board in either the present matter or the prior case involving tax year 2014. Moreover, no lease has been provided to confirm whether it was in place at the time of the December 2014 sale or the lease rate itself. The only evidence in the record before us is the testimony of Mr. Racek, who indicated that lease for $32.65 per square foot began on December 23, 2014, and that such rate was above market at the time. We find such evidence falls short of what is required to successfully rebut sale. The information relayed by Mr. Racek is hearsay. While it is appropriate for an appraiser to use such information in developing an opinion of property's value, here, it is submitted for the truth of the matter asserted, i.e., that the subject property sold subject to an above-market lease. Because we find that Spirit Master Funding has not established that the sale should be disregarded, we do not further consider Mr. Racek's appraisal analysis.

**Spirit Master's Present Appeal**

{¶ 11} In its ninth and tenth assigned errors, Spirit Master argues that the BTA erred in ruling that it failed to rebut the BOR's 2015 valuation because the lease was not included in the record, and appraiser Racek's testimony was hearsay and

unlawful. In the eleventh assigned error, Spirit Master argues that the BTA erred by refusing to permit Racek to testify to his opinion of value pursuant to Evid.R. 703.

{¶ 12} This court reviews a decision of the BTA to determine whether it is "reasonable and lawful." R.C. 5717.04; *Bd. of Edn. of the Warrensville Hts. City School Dist. v. Cuyahoga Cty. Bd. of Revision,* 145 Ohio St.3d 115, 2016-Ohio-78, 47 N.E.3d 144, ¶ 16. In conducting this review, we defer to the factual findings of the BTA so long as they are supported by "reliable and probative evidence in the record." *Id.* However, legal determinations by the BTA are subject to a de novo review. *Olentangy Local Schools Bd. of Edn. v. Delaware Cty. Bd. of Revision*, 141 Ohio St.3d 243, 2014-Ohio-4723, 23 N.E.3d 1086, ¶ 21.

{¶ 13} In rejecting appraiser Racek's testimony for the 2014 tax year, the BTA ruled that "Spirit Master cannot satisfy [its] burden, in this instance, by failing to represent the evidence upon which it relied, i.e., the lease, particularly when such evidence would be material to our determination." Also with regard to the 2014 valuation, the BTA ruled that Spirit Master presented no "firsthand knowledge of the sales," and that Racek's testimony is "unreliable hearsay," and it would "not consider Racek's appraisal report." During the appeal to the Ohio Supreme Court, the Orange School District again argued that Racek's testimony was unreliable hearsay and there was no evidence of a lease. In rejecting that argument, the *Spirit Master* I court held that Racek's opinion was reliable and that the BTA erred in its failure to fully consider the appraisal evidence, then vacated the BTA's decision and remanded the matter pursuant to *Terraza* and *Bronx Park. See Spirit Master* I,

2018-Ohio-4302, at ¶ 9 ("Racek's appraisal is relevant evidence, the BTA should have considered and weighed it.").

{¶ 14} The instant appeal of the 2015 value involves the same property, the same parties, same sales, and same appraisal report as the 2014 valuation proceedings. Therefore, because the Ohio Supreme Court's opinion in *Spirit Master* I clearly demonstrates that the BTA was required to consider Racek's appraisal report, and that Racek was not providing inadmissible hearsay, the BTA's exclusion of Racek's evidence regarding the 2015 valuation as inadmissible hearsay is clearly unreasonable and unlawful. That is, because the BTA rendered the instant 2015 valuation by applying the same reasoning that the Ohio Supreme Court condemned in *Spirit Master* I, we hold that the BTA erred in ruling that Spirit Master's appraisal testimony was hearsay and unlawful and unreliable.

{¶ 15} The ninth, tenth, and eleventh assigned errors are well taken.

{¶ 16} In its first through eighth assigned errors, Spirit Master argues that the BTA's 2015 valuation of $3,439,000 is unreasonable, unlawful, contrary to the appraisal evidence presented, and contrary to R.C. 5713.03 and Ohio Adm.Code 5703-25-07. Spirit Master asserts that the BTA's valuation was based upon a sale with a lease and did not reflect the unencumbered fee-simple value of the real estate.

{¶ 17} In evaluating these claims, we note that Ohio Adm.Code 5703-25-07 requires appraisals according to "true value." Further, R.C. 5713.03 permits taxing authorities to consider non-sale-price evidence. *Terraza* 150 Ohio St.3d 527, 2017-Ohio-4415, 83 N.E.3d 916, at ¶ 27. As explained in *Spirit Master* I,

> Under amended R.C. 5713.03, the price of that sale is not "conclusive evidence" of the subject property's value. *Terraza,* 150 Ohio St.3d 527, 2017-Ohio-4415, 83 N.E.3d 916, at ¶ 30. Rather, it only "presumptively represents the value of the unencumbered fee-simple estate." *Bronx Park,* ____ Ohio St.3d ____, 2018-Ohio-1589, ____ N.E.3d ____, at ¶ 13. Thus, the BTA needed "to consider not just the sale price but also any other evidence the parties present[ed] that is relevant to the value of the unencumbered fee-simple estate." *Id.* at ¶ 12.

*Id.* at ¶ 6.

{¶ 18} The *Spirit Master* I court further ordered that "[b]ecause the BTA did not consider Spirit Master's appraisal evidence, we must vacate the BTA's decision and remand the case for the BTA to weigh and address that evidence." *Id.,* 2018-Ohio-4302, at ¶ 9.

{¶ 19} As explained in *Bronx Park,* the General Assembly has directed taxing authorities to consider not just the sale price but also any other evidence the parties present that is relevant to the value of the unencumbered fee-simple estate. *Id.* at ¶ 12. In that case, the court vacated the BTA value determination and remanded for the BTA to "weigh and address" Bronx Park's appraisal report claiming that a sale of leased premises represented the value of the "leased fee," not the unencumbered fee-simple estate. *Id.* at ¶ 4, 13. *Accord Westerville City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* 154 Ohio St.3d 308, 2018-Ohio-3855, 114 N.E.3d 162, at ¶ 17. As explained in *Westerville,* "appraisal evidence is admissible and competent evidence of value alongside a sale price and that the fact-finder has a duty to consider whether the appraisal constitutes a more accurate valuation of the property than the sale price." *Id.* at ¶ 14. *Accord GC Net Lease @*

*(3) (Westerville) Investors, L.L.C. v. Franklin Cty. Bd. of Revision*, 154 Ohio St.3d 121, 2018-Ohio-3856, 111 N.E.3d 1170, ¶ 11 ("2012 Am.Sub.H.B. No. 487 amendments to R.C. 5713.03 made appraisal evidence admissible and competent alongside sale price evidence in determining a property's value."). Moreover, the appraisal evidence can both attack a sale price as evidence of true value and provide "affirmative evidence of value in its own right." *See Spirit Master* I, 2018-Ohio-4302, ¶ 9, citing *Westerville.* "A cursory examination of the appraisal does not constitute full consideration of the evidentiary value of the appraisal." *GC Net Lease @ (3) (Westerville) Investors* at ¶ 11.

{¶ 20} In the instant matter, we likewise hold that by application of amended R.C. 5713.03, the sale price is not "conclusive evidence" of the subject property's value, but rather, only "presumptively represents the value of the unencumbered fee-simple estate." Therefore, in accordance with amended R.C. 5713.03, and in order to derive the true value as required under Ohio Adm.Code 5703-25-07, the BTA was required to consider not just the sale price but also the appraisal evidence in order to determine the value of the unencumbered fee-simple estate. In failing to do so, the BTA rendered a decision that is unlawful and unreasonable. Accordingly, the first through eighth assigned errors are well taken.

**Orange School District's Cross-Assignment of Error**

{¶ 21} Orange School District raises a cross-assignment of error, to be considered in the event that this court concludes that the BTA committed reversible error. Orange School District argues that if the December 2014 sale price is rejected

by this court, then the BTA erred by failing to value the subject property at the August 2014 sale price of $2,925,900 for 2015. In offering this argument, Orange notes that at the time the parties filed their briefs, the Ohio Supreme Court's opinion in *Spirit Master* I had not yet been released.

{¶ 22} We recognize that the August 2014 sale price was $2,925,900. However, in *Spirit Master* I, the Ohio Supreme Court instructed as follows: "Because the BTA did not consider Spirit Master's appraisal evidence, we must vacate the BTA's [2014 valuation] and remand the case for the BTA to weigh and address that evidence." *Id.,* 2018-Ohio-4302, at ¶ 12. With the benefit of the newly released opinion in *Spirit Master* I, and the reversal of the BOR and BTA determinations of the 2014 value for failure to consider Spirit Master's appraisal evidence, we cannot accept Orange School District's claim that the August 2014 sale price "presents strong evidence" of the value of the unencumbered fee-simple estate. Moreover, we are required to act in accordance with the directives and mandate of *Spirit Master* I. Therefore, we conclude that we lack authority to simply direct that the BTA should value the property at $2,925,900 using the August 2014 sale. Accordingly, Orange School District's cross-assignment of error is not well taken.

**Conclusion**

{¶ 23} In accordance with all of the foregoing, we conclude that because the BTA did not consider Spirit Master's appraisal evidence in determining the 2015 value, we must vacate the BTA's decision and remand the case for the BTA to weigh and address that evidence in deriving the 2015 value of the unencumbered fee

simple estate. The BTA shall not permit the parties to submit new evidence on remand. *Accord Spirit Master* I at ¶ 10, citing *Bronx Park,* 153 Ohio St.3d 550, 2018-Ohio-1589, 108 N.E.3d 1079, at ¶ 13.

**{¶ 24}** The judgment of the BTA is vacated and the matter is remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR

# APPENDIX

Spirit Master's Assigned Errors

I.  The Board of Tax Appeals decision and order using a sale that reflected the leased fee, sale leaseback value of the real estate to determine value when no evidence was submitted to show that the sale reflected the unencumbered fee-simple value of the real estate as required by R.C. 5713.03 is unreasonable and unlawful.

II.  The Board of Tax Appeals decision and order adopting the use of a sale when the evidence in the record showed that the sale did not reflect the unencumbered fee-simple value of the real estate is unreasonable and unlawful.

III.  The Board of Tax Appeals decision and order rejecting appraisal evidence and testimony as to the unencumbered fee-simple value of the real estate is unreasonable and unlawful.

IV.  The Board of Tax Appeals decision and order to reject Appellant's unrebutted appraisal evidence on the issue of the unencumbered fee-simple value of the real estate is unreasonable and unlawful.

V.  The Board of Tax Appeals's interpretation of R. C. 5713.03 as amended is unreasonable and unlawful.

VI.  The Board of Tax Appeals's decision and order is contrary to the requirements of OAC Rule 5703-25-07 and is therefore unreasonable and unlawful.

VII.  The Board of Tax Appeals rejection or failure to consider the appraisal testimony regarding the lease encumbering the property is unreasonable and unlawful.

VIII.  There is no evidence in the record to support the Board of Tax Appeals finding that the value provided on the conveyance-fee statement reflected the value of the unencumbered fee-simple interest in the real estate. The Board of Tax Appeals decision and order is unreasonable and unlawful.

IX.  The Board of Tax Appeals decision and order requiring that a copy of the lease be included in the record is unreasonable and unlawful.  An appraiser is allowed to explain what terms in a lease do not reflect market terms as of the valuation date in the appeal.

**X.** The Board of Tax Appeals characterization of the appraiser's testimony regarding the sale of the property as hearsay is unreasonable and unlawful. An appraiser is allowed to explain why they could not use a sale to determine the unencumbered fee-simple value of the real estate.

**XI.** The Board of Tax Appeals decision and order ignored Evidence Rule 703 regarding the bases of opinion testimony by experts and is unreasonable and unlawful.

**Orange School District's Cross-Assignment of Error**

If the Court holds that the Board of Tax Appeals erred when valuing the subject property at $3,439,000, then the Board of Tax Appeals erred by not valuing the property at $2,925,980 in accord with the sale for which the property was purchased in August of 2014.