[Cite as *Spirit Master Funding IX, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 2022-Ohio-610.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

SPIRIT MASTER FUNDING IX, L.L.C., :
ET AL.,

                                    :

        Plaintiff-Appellants/
        Cross-Appellees             :

                                     No. 110264

v.                             :

CUYAHOGA COUNTY BOARD OF      :
REVISION, ET AL.,

                                    :

        Defendants-Appellees/
        Cross-Appellants         :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** March 3, 2022

---

Administrative Appeal from the Board of Tax Appeals
Case No. 2017-73

---

### *Appearances:*

Sleggs, Danzinger & Gill Co., L.P.A., and Todd W. Sleggs, *for appellant/cross-appellee* Balco Realty, L.L.C., successor to Spirit Master Funding IX, L.L.C.

Frantz Ward, L.L.P., and John P. Desimone, *for appellee/cross-appellant* Orange City School District Board of Education.

KATHLEEN ANN KEOUGH, J.:

{¶ 1} In this appeal, we pick up where we left off in 2019 when we considered the first appeal concerning the 2015 tax year value of real property located at 3655 Orange Place, Beachwood, Ohio, permanent parcel number 901-01-064 ("subject property"). *See Spirit Master Funding IX, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 2019-Ohio-1349, 135 N.E.3d 371 (8th Dist.) (hereinafter "*8th 2015 Tax Appeal*"). In that case, this court vacated the Board of Tax Appeals' ("BTA") decision and in accordance with recent Ohio Supreme Court authority, remanded the matter to the BTA to weigh and address appraisal evidence in determining the 2015 true value of the "unencumbered fee simple estate." *Id.* at ¶ 23.

{¶ 2} In response to this court's mandate, the BTA reconsidered the property value for the 2015 tax year after purportedly "addressing and weighing" the appraisal evidence and testimony that asserted that the lease in effect at the time of the December 2014 sale impacted the purchase price and thus, the sale price was not the true value. The BTA again rejected the evidence and testimony that the "purported lease" had any effect on the sale price and thus, the BTA gave less weight to the appraisal than the December 2014 arm's-length sale. Accordingly, it again found that the true value of the property was the December 2014 sale price.

{¶ 3} Appellant, Balco Realty, L.L.C., successor to Spirit Master Funding IX, L.L.C. ("appellant"), again appeals the BTA's decision regarding the 2015 valuation of the subject property. Appellee, Orange City School District Board of

Education ("BOE"), has filed a cross-appeal. For the reasons that follow, we reverse and remand.

## I. Factual History and Procedural Background[1]

{¶ 4} Although this appeal concerns the property value for the 2015 tax year, it is important to review the conveyance and tax history of the subject property. The subject property is a 7,534-square-foot restaurant situated in the city of Beachwood on 2.26 acres and owned by appellant. In August 2014, N and D Restaurants, Inc. sold the subject property to Red Lobster Hospitality, L.L.C., for $2,925,880. In December 2014, Red Lobster Hospitality sold it to Spirit Master for $3,439,029. Appellant subsequently became the successor in interest to Spirit Master.

### A. Tax Year 2014

{¶ 5} In 2014, the Cuyahoga County Fiscal Officer assessed the property value at $2,016,400 for the 2014 tax year. Appellant filed a complaint with the Cuyahoga County Board of Revision ("BOR") against the fiscal officer's fair market valuation of the subject property, contending that the true value was $1,535,000. The BOE filed a countercomplaint, contending that the true value was $3,439,000 based on the December 2014 sale of the property. However, because the August 2014 sale was closer in time to the tax-lien date, the BOE conceded that $2,925,880

---

[1] The Ohio Supreme Court set forth the basic background information regarding the 2014 tax year and the subject property in *Spirit Master Funding IX, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 155 Ohio St.3d 254, 2018-Ohio-4302, 120 N.E.3d 815 (hereinafter "*OSC 2014 Tax Appeal*").

was the appropriate valuation, as long as the BOR determined that the sale had occurred at arm's length.

**{¶ 6}** The BOE presented to the BOR the deeds and conveyance-fee statements referencing both sales. For its part, at the BOR hearing, appellant introduced testimony and the appraisal of Richard G. Racek Jr., MAI, of Racek & Associates, L.L.C. ("Racek"). According to Racek, the August 2014 sale of the subject property was part of the sale of the entire Red Lobster restaurant chain for $2.1 billion. He explained

> that $2,925,880 — the amount reported on the August 2014 conveyance-fee statement — was allocated to the sale of the subject property. The conveyance-fee statement reports that no part of the $2,925,880 consideration was allocable to assets other than the real property. Racek acknowledged that the property was not encumbered by a lease at the time of the August 2014 sale, but he stated that it was encumbered by a 20-year lease that took effect around the time of the December 2014 sale. He used the income and sales-comparison approaches to reach a valuation of $1,535,000 as of January 1, 2014.

*OSC 2014 Tax Appeal* at ¶ 4.

**{¶ 7}** The BOR valued the property at $2,925,900 based on the August 2014 sale. Appellant appealed to the BTA, arguing that Racek's appraisal — rather than either of the 2014 sale prices — reflected the true value of the property. The BTA declined to consider Racek's appraisal, finding it was hearsay, and retained the valuation as determined by the BOR, concluding that the August 2014 sale was the best evidence of the true value of the property. Appellant appealed to the Ohio Supreme Court, contending that it was error when the BTA refused to consider

Racek's appraisal in determining the 2014 tax value. *See generally OSC 2014 Tax Appeal.*

**{¶ 8}** In its July 17, 2018 decision, the Ohio Supreme Court agreed with appellant. Relying on its recent decisions, the court held that under amended R.C. 5713.03, "the price of that sale [of the property] is not 'conclusive evidence' of the subject property's value," but "only 'presumptively represents the value of the unencumbered fee-simple estate.'" *OSC 2014 Tax Appeal* at ¶ 6, quoting *Terraza 8, L.L.C. v. Franklin Cty. Bd. of Revision*, 150 Ohio St.3d 527, 2o17-Ohio-4415, 83 N.E.3d 916, ¶ 30; and *Bronx Park, S. III Lancaster, L.L.C. v. Fairfield Cty. Bd. of Revision*, 153 Ohio St.3d 550, 2018-Ohio-1589, 108 N.E.3d 1079, ¶ 13. Accordingly, the court found that the BTA "'needed to consider not just the sale price but also any other evidence the parties present[ed] that is relevant to the value of the unencumbered fee-simple estate.'" *Id.*, quoting *Bronx Park* at ¶ 12. The court found Racek's appraisal as "relevant evidence," vacated the BTA's decision, and remanded the matter to the BTA for it to weigh and address appellant's appraisal evidence. *Id.* at ¶ 6, 9.

**{¶ 9}** In its decision, the court specifically noted that for purposes of the 2014 valuation, the property was not encumbered by a lease at the time of the August 2014 sale, which made the subject property distinguishable from *Terraza* and *Bronx Park*, because both of those cases involved properties that were sold with above-market leases in place. *OSC 2014 Tax Appeal* at ¶ 8. This distinction is relevant

because a claimed lease was in place when Red Lobster Hospitality sold the subject property to appellant in December 2014.

{¶ 10} On remand, the BTA considered Racek's appraisal and found that although Racek "performed a reasonable and well-supported appraisal analysis," he "ignore[d] the sales of the subject property and only relied on the adjusted sales of other properties" that "required some adjustments for differences among properties." *Spirit Master Funding, IX, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 2020 Ohio Tax LEXIS 2482, 6-7 (Ohio B.T.A., Dec. 8, 2020). The BTA further found that Racek's income-approach analysis required "subjective judgments based on the experience of other properties rather than the experience of the subject [property]." *Id.* at 7. Accordingly, the BTA afforded Racek's appraisal less weight than the August 2014 arm's-length transaction and valued the property for tax year 2014 at $2,925,900. *Id.*

{¶ 11} Appellant appealed the BTA's decision to this court, and the BOE filed a cross-appeal. *See Spirit Master Funding IX, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 8th Dist. Cuyahoga No. 110207, 2021-Ohio-3349 (hereinafter "*8th 2014 Tax Appeal*"). Appellant raised the same twelve assignments of error as raised in its prior appeal to the Ohio Supreme Court and contended that the BTA's rejection of Racek's appraisal, which included evidence regarding the lease in place, was unreasonable and unlawful.

{¶ 12} This court affirmed the BTA's decision, finding that the subject property, as acknowledged by Racek, was not encumbered by a lease at the time of

the August 2014 sale. *Id.* at ¶ 27. Accordingly, the BTA afforded more weight to the August 2014 sale price than Racek's appraisal because the comparable properties relied on by Racek all required adjustments to compensate for their values. This court upheld the BTA's decision, finding that it was not unlawful or unreasonable. *Id.* at ¶ 27-28. No further appeal occurred.

## B. Tax Year 2015

{¶ 13} For tax year 2015, the Cuyahoga County Fiscal Officer valued the subject property in the amount of $2,016,400. Despite the recent arm's-length sales in 2014, the fiscal officer valued the property the same as it did for the 2014 tax year. In March 2016, appellant filed a complaint with the BOR against the fiscal officer's valuation, contending that the true value was $1,535,000 based on a "recent fee simple appraisal of property." Appellant noted on its complaint that the real property was sold in the past three years, most recently on December 29, 2014, with a sale price of "$3,439,029 (leased fee)." The BOE filed a countercomplaint, asserting that its opinion of the true value of the property was $3,439,000 based on the December 2014 sale of the property.

{¶ 14} In support of its complaint, appellant submitted the appraisal Racek prepared when challenging the 2014 tax year valuation. According to Racek's report, the December 2014 sale was a leased-fee interest and, therefore, the sale value was not the best evidence of the property's true value.

{¶ 15} Racek opined that the December 2014 sale price represented the value of the "lease fee" and not the unencumbered fee-simple estate that determines

value under R.C. 5713.03. He indicated that the prices for leased parcels were significantly higher than the prices for unencumbered parcels because leased properties generally sell for more per square foot than properties that are not leased. Racek opined, therefore, that the sale price exceeded the true value of the unencumbered fee-simple estate.

{¶ 16} In support of its countercomplaint, the BOE again submitted the deeds and conveyance-fee statements demonstrating the prices from the August and December 2014 sales. Those documents depict that between both sales, the total value, including the land value and building value, remained the same. Additionally, as noted by appellant, the 2015 tax year was an update year in Cuyahoga County. Neither the August nor December 2014 sales and transfers of property were used by the county in preparing the 2015 update value for the property. Rather, the county valued the property the same for both the 2014 and 2015 tax years.

{¶ 17} The BOR conducted a hearing on the complaint and counter-complaint. Racek testified at the hearing and his appraisal report was introduced into evidence. The BOE did not present any evidence disputing Racek's appraisal or refuting the existence of a lease. The BOE relied on the December 2014 sale of the subject property as evidence of the property's value for the 2015 tax year. In its written determination, the BOR agreed with the BOE and valued the subject property for the 2015 tax year in the amount of $3,439,000, finding that "the arm's[-]length sale in 2014 [is] the best indicator of value." Although the BOR's

written decision indicates that the hearing was recorded, that recording was subsequently lost.

{¶ 18} Appellant appealed this decision to the BTA, contending that the market value of the subject property should be $1,535,000 because of "economic valuation based on gross or net income." The parties waived their right to appear before the BTA and provide further testimony or evidence, except for the submission of additional briefs. The parties also agreed to supplement the record with the BOR recording from the hearing on the 2014 tax year because (1) it involved the same property and parties; and (2) Racek testified regarding the appraisal that was prepared for both the 2014 and 2015 tax years. Accordingly, the record before the BTA contained the same information that it considered in its decision regarding the 2014 tax year.

{¶ 19} While the 2014 tax year appeal was filtering its way through the court system, the BTA considered the 2015 tax year appeal. In June 2018, the BTA issued its decision, finding that appellant failed to establish that the December 2014 sale was subject to a lease. In so finding, the BTA concluded that Racek's testimony and the information he relied on in formulating his appraisal and opinion was "hearsay," and thus, it declined to consider his appraisal analysis. Specifically, the BTA found:

> As the BOE noted in its written argument, no one personally involved with any of the transfers of the subject property testified before the BOR or this board in either the present matter or in the prior case involving tax year 2014. Moreover, no lease has been provided to confirm whether it was in place at the time of the December 2014 sale or the lease rate itself. The only evidence in the record before us is the testimony of Mr. Racek, who indicated that a lease for $32.65 per

square foot began on December 23, 2014, and that such rate was above market at the time. We find such evidence falls short of what is required to successfully rebut a sale. The information relayed by Mr. Racek is hearsay. While it is appropriate for an appraiser to use such information in developing an opinion of a property's value, here it is submitted for the truth of the matter asserted, i.e., that the subject property sold subject to an above-market lease. Because we find that [appellant] has not established that the sale should be disregarded, we do not further consider Mr. Racek's appraisal analysis.

*Spirit Master Funding IX, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, BTA No. 2018-73, at 2 (June 8, 2018) (hereinafter "*BTA 2015 Tax Decision*").

{¶ 20} Accordingly, the BTA concluded that appellant failed to meet its burden of rebutting the presumption that the December 2014 sale price is the best evidence of the property's value on the tax lien date. *Id.* at 2-3. The BTA ordered that the 2015 true value was $3,439,000 and the taxable value was $1,203,650. *Id.* at 3.

{¶ 21} Appellant timely appealed the BTA's decision to this court, raising twelve assignments of error. *See 8th 2015 Tax Appeal.* Specifically, it contended that it was error for the BTA to summarily find the appraisal irrelevant because it discounted Racek's testimony as hearsay. The BOE filed a cross-appeal, contending that if this court reversed the BTA's decision, the court should value the property in accordance with the August 2014 sale price.

{¶ 22} By this time, the Ohio Supreme Court had issued its 2018 decision regarding the 2014 tax year valuation — where it determined that Racek's appraisal evidence and testimony was relevant and that the BTA was required to "weigh and

address Racek's appraisal report and testimony" in determining the 2014 unencumbered fee-simple estate. *OSC 2014 Tax Appeal* at ¶ 9.

{¶ 23} Accordingly, on April 11, 2019, this court vacated the BTA's decision regarding the 2015 valuation and, in accordance with the recent Ohio Supreme Court authority, remanded the matter to the BTA to weigh and address appellant's appraisal evidence in determining the subject property's 2015 value of the unencumbered fee-simple estate. *8th 2015 Tax Appeal* at ¶ 20. This court did not permit the BTA to consider any additional or new evidence from the parties. *Id.* at ¶ 23, citing *OSC 2014 Tax Appeal.*

{¶ 24} On remand, the BTA rendered a new decision. *See Spirit Master Funding IX, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, BTA No. 2017-73 (Jan. 5, 2021). The BTA stated that it had considered Racek's testimony and appraisal that the December 2014 sale was subject to a lease, but found that his testimony lacked support because the lease was not introduced into evidence. *Id.* at 6. In effect, the BTA discounted the existence of a lease, and questioned whether "the lease terms reflect a financing arrangement rather than market-lease rates." *Id.* The BTA determined that based on the record before it, it could not conclude that the "purported lease" had an impact on appellant's sale price. *Id.*

{¶ 25} After making this determination, the BTA weighed the appraisal evidence against the December 2014 sale price. Just as it had in reconsidering the 2014 tax value, the BTA acknowledged that Racek "performed a reasonable and well-supported appraisal analysis," but found that he "ignored the sales of the

subject property, instead relying on the adjusted sales of other comparable properties." *Id.* Just as it did in its 2014 tax year decision, the BTA found that Racek's income-capitalization-approach review required subjective judgments and adjustments for differences in property characteristics. Accordingly, the BTA attributed less weight to Racek's appraisal than that of the December 2014 arm's-length sale. It again concluded that the 2015 true value of the property was $3,439,000 and the 2015 taxable value was $1,203,650. *Id.* at 7.

## II. The Appeal

{¶ 26} Appellant appeals, raising twelve assignments of error that it divides under two "Propositions of Law." Although appellant raises multiple assignments of error, it has not complied with App.R. 16 by failing to argue them separately. Accordingly, this court will consider each "propositions of law" as a whole. The BOE cross-appeals, raising one assignment of error, contending that if this court determines that the BTA's decision was unlawful, this court should value the subject property in accordance with the August 2014 sale price.

## III. Standard of Review

{¶ 27} We must affirm the BTA's decision if it was "reasonable and lawful." R.C. 5717.04. In making this determination, we must consider legal issues de novo, *Akron City School Dist. Bd. of Edn. v. Summit Cty. Bd. of Revision*, 139 Ohio St.3d 92, 2014-Ohio-1588, 9 N.E.3d 1004, ¶ 10-11, and defer to the board's findings concerning the weight of evidence so long as they are supported by sufficient probative evidence in the record. *Olmsted Falls Bd. of Edn. v. Cuyahoga Cty. Bd.*

*of Revision*, 122 Ohio St. 3d 134, 2009-Ohio-2461, 909 N.E.2d 597, ¶ 27; *First Baptist Church of Milford, Inc. v. Wilkins*, 110 Ohio St.3d 496, 2006-Ohio-4966, 854 N.E.2d 494, ¶ 9.

## IV. Legal Standards

{¶ 28} R.C. 5713.03 requires the county auditor, who is the assessor of real property, "to determine * * * the true value of the fee simple estate, as if unencumbered, of each separate * * * parcel of real property and of buildings, structures, and improvements located thereon ***." If a property has been the subject of a recent, arm's-length sale, "the auditor may consider the sale price * * * to be the true value for taxation purposes." As the Ohio Supreme Court noted in cases such as the one before this court, "the crucial language of the statute is the phrase 'fee simple estate, as if unencumbered.'" *Rancho Cincinnati Rivers, L.L.C. v. Warren Cty. Bd. of Revision*, 165 Ohio St.3d 227, 2021-Ohio-2798, 177 N.E.3d 256, ¶ 13. A property that is subject to a lease at the time of sale and transfer is not "unencumbered." *See, generally, Rancho*; *Terraza*, 150 Ohio St.3d 527, 2017-Ohio-4415, 83 N.E.3d 916. Therefore, the true value for taxation purposes may not actually be reflected by the sale price of a recent arm's-length sale. Accordingly, the General Assembly has allowed "taxing authorities to consider non-sale price evidence — particularly evidence of encumbrances and their effect on sale price — in determining the true value of property that has been the subject of a recent arm's-length sale." *Terraza* at ¶ 27.

{¶ 29} The Ohio Supreme Court has stated that by allowing for such consideration, the General Assembly established that "appraisal evidence is admissible and competent evidence of value alongside a sale price and that the fact finder has a duty to consider whether the appraisal constitutes a more accurate valuation of the property than the sale price." *Westerville City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 154 Ohio St.3d 308, 2018-Ohio-3855, 114 N.E.3d 162, ¶ 14, citing *Bronx Park*, 153 Ohio St. 3d 550, 2018-Ohio-1589, 108 N.E.3d 1079, at ¶ 12. "When property was the subject of a recent arm's-length sale, the General Assembly [by amending R.C. 5713.03 in H.B. 487] has directed taxing authorities to consider not just the sale price but also *any other evidence* the parties present that is relevant to the value of the unencumbered fee-simple estate." (Emphasis added.) *Bronx Park* at *id.*

{¶ 30} In *Terraza*, the Ohio Supreme Court noted two presumptions. The first is that "a submitted sale price 'has met all the requirements that characterize true value.'" *Id.* at ¶ 32, quoting *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 78 Ohio St.3d 325, 327, 677 N.E.2d 1197 (1997). The second is that a recent arm's-length sale price is the best evidence of a property's true value. *Terraza* at ¶ 33. The sale price, however, is rebuttable. *Id.* An opponent of the sale price has the burden of going forward with rebuttal evidence showing that the sale price did not, in fact, reflect the property's true value. *Terraza* at ¶ 32-33.

{¶ 31} In *Terraza*, the appellant presented its appraiser's testimony and report in an attempt to show that the recent arm's-length price did not reflect the

true value of the unencumbered fee-simple estate because the property was subject to an existing lease when appellant acquired the property. The appellant argued that the appraisal was dispositive because its market-rent analysis refuted the usefulness of the sale price, and the BOE offered no rebuttal evidence. The BTA rejected the appraisal and testimony, finding that a conclusive presumption existed that the recent arm's-length transaction was the best evidence of the property's value. The Ohio Supreme Court reversed the decision, finding that although the sale price is the best evidence of value, the BTA failed to address and weigh the evidence that purportedly explained why the sale price did not reflect the value of the unencumbered fee-simple estate. *Id.* at ¶ 39. However, the court noted that the law does not require an inquiry into whether a lease reflects market rent at the time of the sale, and it "becomes relevant only if an opponent presents it as evidence in an attempt to rebut a sale price." *Id.* at ¶ 34.

{¶ 32} With these legal standards in mind, we now turn to the merits of the appeal.

## V.  The Appeal

### A. Proposition of Law I

{¶ 33} In its first combined "proposition of law," appellant contends that the unencumbered fee-simple standard under R.C. 5713.03 requires that appraisal evidence be considered along with evidence of a sale in making a value determination." Under this proposition of law, the following errors are assigned:

ASSIGNMENT OF ERROR NO. 1: The [BTA's] decision and order using a leased fee sale of the property, closely related to a corporate spin

off, bulk sale of the entire Red Lobster chain to determine value when no evidence was submitted to show that the sale reflected the unencumbered fee simple value of the real estate as required by R.C. 5713.03 is unreasonable and unlawful.

ASSIGNMENT OF ERROR NO. 2: The [BTA's] decision and order adopting the use of a sale when the evidence in the record showed that the sale did not reflect the unencumbered fee simple value of the real estate is unreasonable and unlawful.

ASSIGNMENT OF ERROR NO. 5: The [BTA's] interpretation of R.C. 5713.03 as amended is unreasonable and unlawful.

ASSIGNMENT OF ERROR NO. 7: The [BTA's] rejection or failure to consider the appraisal testimony regarding the lease encumbering the property is unreasonable and unlawful.

ASSIGNMENT OF ERROR NO. 8: There is no evidence in the record to support the [BTA's] finding that the value provided on the conveyance fee statement reflected the value of the unencumbered fee simple interest in the real estate. The [BTA's] decision and order is unreasonable and unlawful.

ASSIGNMENT OF ERROR NO. 9: The [BTA's] decision and order requiring that a copy of the lease be included in the record is unreasonable and unlawful. An appraiser is allowed to explain what terms in a lease do not reflect market terms as of the valuation date in the appeal.

ASSIGNMENT OF ERROR NO. 10: The [BTA's] characterization of the appraiser's testimony regarding the sale of the property as hearsay is unreasonable and unlawful. An appraiser is allowed to explain why he could not use a sale to determine the unencumbered fee simple value of the real estate.

ASSIGNMENT OF ERROR NO. 11: The [BTA's] decision and order ignored Evidence Rule 703 regarding the bases of opinion testimony by experts and is unreasonable and unlawful.

ASSIGNMENT OF ERROR NO. 12: The [BTA's] findings regarding the sales of the property and criticism of Mr. Racek's investigation and consideration of the sales in this appraisal are unreasonable and unlawful.

{¶ 34} We can glean that appellant's argument is that the BTA's decision and order ignored Racek's testimony and appraisal, which established that at the time of the December 2014 sale, the property was subject to a long-term lease and that this lease was part of the sale and leaseback of the property. Appellant contends that because of the lease, the December 2014 sale of the property did not reflect the unencumbered fee-simple value of the real property as of January 1, 2015. According to appellant, the BTA's decision and order is unreasonable and unlawful.

{¶ 35} The sole issue before this court is whether the BTA complied with this court's mandate to weigh and address Racek's appraisal and whether that evidence outweighed the December 2014 sale price so as to render the BTA's decision unreasonable and unlawful.

{¶ 36} We find that the BTA did not comply with this court's mandate and that its decision was therefore unreasonable and unlawful, constituting an abuse of discretion. Specifically, the BTA's summary denial of Racek's testimony and appraisal does not represent full consideration of the appraisal evidence as contemplated by *Terraza* and its progeny. *See GC Net Lease v. Franklin Cty. Bd. of Revision*, 154 Ohio St.3d 121, 2018-Ohio-3856, 111 N.E.3d 1170, ¶ 9 (the Ohio Supreme Court determined that the BTA's summary discount of lease evidence that was included in the appraisal evidence "in no way" constituted a full consideration of the appraisal evidence as contemplated in *Terraza*).

{¶ 37} In this case, the BOE had advance knowledge that Racek relied on the lease in formulating his appraisal and opinion regarding the 2015 tax valuation. In

fact, it was undisputed that a lease was in existence at the time of the December 2014 sale. Additionally, it was averred that the lease was provided in discovery during the pendency of the action. The BOE offered no rebuttal evidence to the existence of the lease, the information relied upon by Racek, or the appraisal itself.

{¶ 38} Moreover, the Ohio Supreme Court classified Racek's appraisal and testimony as "relevant," and this court in its prior case stated that Racek's appraisal was not inadmissible hearsay. *See OSC 2014 Tax Appeal* at ¶ 9; *8th 2015 Tax Appeal* at ¶ 14. Despite these pronouncements and the unrefuted appraisal, the BTA found Racek's appraisal and testimony unreliable and unsupported, and it rejected the existence of the lease outright because it was not presented as evidence. This court is not concluding that the evidence contained in the appraisal was sufficient to withstand appellant's burden of refuting the presumption that the December 2014 sale price was the true value. But discounting the appraisal merely because the existence of the lease was questionable to the BTA, but not to any other party, renders the BTA's decision unreasonable.

{¶ 39} Accordingly, we find merit to the arguments raised under appellant's first proposition of law. We reverse the BTA's decision, and remand to the BTA to give Racek's testimony and appraisal full consideration as contemplated by *Terraza*.

## B. Proposition of Law II

{¶ 40} In its second combined proposition of law, appellant contends that "Ohio Administrative Code Rule 5703-25-07(A)(2) requires that current economic rent (market rent) as well as leased fee and leasehold value be considered in

determining unencumbered fee simple value under R.C. 5713.03." Under this proposition of law, appellant assigns the following errors:

> ASSIGNMENT OF ERROR NO. 3: The [BTA's] decision and order rejecting appraisal evidence and testimony as to the unencumbered fee simple value of the real estate is unreasonable and unlawful.

> ASSIGNMENT OF ERROR NO. 4: The [BTA's] decision and order to reject [a]ppellant's unrebutted appraisal evidence on the issue of the unencumbered fee simple value of the real estate is unreasonable and unlawful.

> ASSIGNMENT OF ERROR NO. 6: The [BTA's] decision and order is contrary to the requirements of OAC Rule 5703-25-07 and is therefore unreasonable and unlawful.

{¶ 41} Having found merit to the arguments raised in appellant's first proposition of law, we find the assignments of error raised in appellant's second proposition of law moot.

## VI. The Cross-Appeal

{¶ 42} Because we are reversing the BTA's decision and remanding for further consideration, we find the BOE's cross-appeal requesting an alternative disposition in the event we declared the 2015 tax value unreasonable not proper for consideration at this time. Accordingly, the cross-assignment of error is overruled.

{¶ 43} Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

SEAN C. GALLAGHER, A.J., and
ANITA LASTER MAYS, J., CONCUR