[Cite as *1277 W. Sixth St., L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 2023-Ohio-4530.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| 1277 WEST SIXTH LLC, ET AL., | : | |
| Plaintiffs-Appellants, | : | |
| | | No. 112290 |
| v. | : | |
| CUYAHOGA COUNTY BOARD OF REVISION, ET AL., | : | |
| Defendants-Appellees. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 14, 2023

---

Administrative Appeal from the Board of Tax Appeals
Case Nos. 2021-394, 2021-395, 2021-397, 2021-398, and 2021-399

---

### *Appearances:*

Bauernschmidt Law Firm, Kelly W. Bauernschmidt and Karen H. Bauernschmidt, *for appellant*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Reno Oradini, Jr., Assistant Prosecuting Attorney, *for appellee* Cuyahoga County Board of Revision.

LISA B. FORBES, J.:

{¶ 1} 1277 West Sixth LLC, 1296 West 6th LLC, 1352 West 6th LLC, and 1352 W 6th II LLC (collectively "West Sixth") appeal the Board of Tax Appeals' (the

"BTA") decision and order denying its requests for remission of penalties for late payment of real property tax. After reviewing the facts of the case and the pertinent law, we affirm the BTA's decision.

## I.    Facts and Procedural History

{¶ 2}   West Sixth concedes that its 2019 real property tax payments were not received by the Cuyahoga County treasurer by their due dates. In its appellate brief, West Sixth provides the following timeline of events:

> First half 2019 taxes — Due January 30, 2020 (Extended — Originally January 23, 2020)
>
> Payment tendered to Liban Post — January 22, 2020 — Sent via registered mail
>
> Entered in the United States January 29, 2020
>
> Delivered on February 14, 2020
>
> Second Half 2019 Taxes — Due August 13, 2020 — (Extended due to COVID)
>
> Payment tendered to Liban Post — August 12, 2020 — Sent via registered mail
>
> Entered into the United States on August 17, 2020
>
> Delivered on August 25, 2020

(Emphasis omitted.)

{¶ 3}   Late fees were assessed. West Sixth filed its request for remission of the late payment penalties with the Cuyahoga County Board of Revisions (the "BOR"), which the BOR denied.

{¶ 4}   West Sixth appealed to the BTA. The BTA held a hearing on October 27, 2021. A representative for West Sixth attended the hearing, proffered

testimony of its vice president, and entered exhibits into evidence. The BOR submitted a written argument.

{¶ 5} On December 8, 2022, the BTA issued a decision and order affirming the decision of the BOR. It is from this order that West Sixth appeals, raising the following 13 assignments of error:

1. The decision of the BTA is unreasonable and unlawful because the BTA incorrectly found that the Appellants failed to show that the BOR erred when it concluded that Appellants failed to timely pay their real property taxes.

2. The decision of the BTA is unreasonable and unlawful because the BTA incorrectly affirmed the decisions of the BOR.

3. The decision of the BTA is unreasonable and unlawful because the BTA incorrectly determined the tax payments were not effectively postmarked before the payment deadline due to the use of Liban Post in contradiction of the testimony in the record and International Treaties.

4. The decision of the BTA is unreasonable and unlawful because the BTA failed to consider that due to International Treaties and the United States Postal Services' (USPS) reciprocity agreements, proof of timely filing using registered mail satisfies timely filing requirement regardless of whether registered mail is sent within the United States or internationally.

5. The decision of the BTA is unreasonable and unlawful because the BTA incorrectly concluded that the requirement for a USPS postmark to demonstrate a timely payment was not expanded by R.C. 5703.056(C)(1) to include international mailing.

6. The decision of the BTA is unreasonable and unlawful because the BTA incorrectly concluded that the Appellants were aware of the time delay between mailing the payments and their receipt by the Treasurer since they had a late payment for 2018.

7. The decision of the BTA is unreasonable and unlawful because it incorrectly found that the Appellants chose to send the mail closer in time to the due date because of a misunderstanding that an

inapplicable statute expanded what types of mail would qualify for such treatment.

8. The decision of the Board of Tax Appeals is unreasonable and unlawful since the BTA found there was willful neglect by the Appellants and did not qualify for remission of the late payment penalties.

9. The decision of the Board of Tax Appeals is unreasonable and unlawful since the Appellants met their burden of proof to overturn the Board of Revision findings that the Taxpayers did not demonstrate that full payment was property mailed on or before the due date and the mail had not entered the United States Postal Service prior to the due date.

10. The decision of the Board of Tax Appeals is unreasonable and unlawful when it failed to recognize the reciprocity of International Treaties between Lebanon's Liban Post and the United States Postal Service for registered mail.

11. The decision of the Board of Tax Appeals is unreasonable and unlawful since it determined that the Proof of Filing of Registered Mail by the Taxpayers did not "function as the postmark" for purposes of R.C. 323,12(B) and was therefore not sufficient to prove timely filing of taxes.

12. The decision of the Board of Tax Appeals is unreasonable and unlawful when it determined willful neglect when the underlying Board of Revision decisions had not determined any willful neglect upon the Taxpayers.

13. The decision of the BTA is unreasonable and unlawful since the findings of fact and conclusions of law are against the manifest weight of the evidence.

## II. Law and Analysis

{¶ 6} The standard of review of a decision from the BTA is found in R.C. 5717.04, which states:

If upon hearing and consideration of such record and evidence the court decides that the decision of the board appealed from is reasonable and lawful it shall affirm the same, but if the court decides that such

decision of the board is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter final judgment in accordance with such modification.

{¶ 7} Therefore, this court "must affirm the BTA's decision if it was 'reasonable and lawful.'" *Terraza 8, L.L.C. v. Franklin Cty. Bd. of Revision*, 150 Ohio St.3d 527, 2017-Ohio-4415, 83 N.E.3d 916, ¶ 7, quoting R.C. 5717.04. "In making this determination, we must consider legal issues de novo * * * and defer to findings concerning the weight of evidence so long as they are supported by the record." (Citations omitted.) *Id.*

{¶ 8} While West Sixth raises 13 assignments of error for our review, the only issue presented in this appeal, according to West Sixth, is:

[w]hether the Ohio Board of Tax Appeals erred when it failed to recognize the reciprocity of International Treaties between Lebanon's governmental postal service Liban Post and the United States Postal Service for registered mail. Further, whether the Ohio Board of Tax Appeals erred in concluding that the Proof of Filing of Registered Mail by the taxpayers did not "function as the postmark" for purposes of R.C. 323[.]12(B) and was therefore not sufficient to prove timely filing of taxes.

{¶ 9} As framed by West Sixth, the crux of its appeal is, thus, whether West Sixth "timely sent the real estate tax payments from Lebanon * * * via Registered Mail" such that, the BTA erred when it "failed to determine that the real estate tax payments were timely paid * * *."

{¶ 10} We agree that each of West Sixth's assignments of error can be resolved by addressing the issue presented by West Sixth. Accordingly, we will review all 13 assignments of error together.

{¶ 11} Pursuant to R.C. 323.12(B), real property taxes are considered paid "if the tax payment is received by the county treasurer * * * on or before the last day for payment of such tax, or if the tax payment is received after such date in an envelope that was post marked by the United States Postal Service on or before the last day for payment of such tax."

{¶ 12} As noted, West Sixth concedes that its tax payments were not received by the county treasurer on or before the last day for payment. The payment for the first half of 2019's real property taxes, which was due no later than January 30, 2020, was not delivered to the Cuyahoga County treasurer until February 14, 2020. The payment for the second half of 2019's real property taxes, which was due no later than August 13, 2020, was not delivered until August 25, 2020.

{¶ 13} Nevertheless, West Sixth contends that its tax payments were not late because it "timely sent the real estate tax payments from Lebanon to the Cuyahoga County treasurer." According to documents presented by West Sixth at the BTA hearing, taxes due January 30, 2020, for first half of 2019 were sent on January 22, 2020, by registered mail from Lebanon via Liban Post; and real property taxes due August 13, 2020, for the second half of 2019 were sent on August 12, 2020, by registered mail from Lebanon via Liban Post.

{¶ 14} In support of its position that its tax payments were timely, West Sixth urges this court to follow R.C. 5703.056(C), which states:

> In any section of the Revised Code referring to the date any payment or document is received by the *tax commissioner* by mail, * * * the payment or document shall be considered to be received on * * *.

> (1) For a document or payment sent by certified mail, express mail, United States Mail, foreign mail, * * *, the date of the postmark placed by the postal or delivery service on the sender's receipt * * *.

(Emphasis added.) R.C. 5703.01 created the Ohio Department of Taxation, "which shall be composed of the tax commissioner and his employees * * *." The tax commissioner's powers and duties are outlined in R.C. 5703.04 and 5703.05.

{¶ 15} West Sixth does not dispute that its tax payments were not made to the tax commissioner. Rather, evidence produced at the hearing before the BTA demonstrates that West Sixth's checks were made payable to the Cuyahoga County Treasurer. R.C. 321.01 establishes that a county treasurer shall be elected in each county, with the duties and responsibilities of the county treasurer outlined in R.C. Chapter 321. West Sixth provides no authority for its position that R.C. 5703.056 governs payments for real property taxes to the Cuyahoga County Treasurer. We find that R.C. 5703.056 does not apply here because West Sixth's real property tax payments were made to the county treasurer, not the tax commissioner.

{¶ 16} Further, we find that the BTA acted reasonably and lawfully when it applied R.C. 323.12(B) to conclude that West Sixth was late in paying its real property taxes for 2019. To timely pay under R.C. 323.12(B), West Sixth's tax payments needed to be either (1) received by the county treasurer no later than the last day for payment, or (2) delivered to the county treasurer in an "envelope that was post marked by the United States Postal Service on or before the last day for payment of such tax."

{¶ 17} West Sixth did not establish that it met either of the R.C. 323.12(B) timing requirements. It admitted that the county treasurer received its 2019 real property tax payments after the due dates. Further, while West Sixth did present evidence that it sent the payments via Liban Post prior to the due dates, it did not present any evidence establishing that the envelopes containing the tax payments bore post marks by the United States Postal Service dated prior to either due date.

{¶ 18} Furthermore, West Sixth takes issue with the BTA's finding that its late payment constituted willful neglect and thus further supported the BOR's denial of West Sixth's request for remission of late payments. R.C. 5715.39(C) permits the remission of real property tax late-payment penalties if it is determined "that the taxpayer's failure to make timely payment of the tax is due to reasonable cause and not willful neglect." Here, the BTA stated that, based on the record before it, West Sixth was "aware of the time delay between mailing the payments and their receipt by the Treasurer since they had a late payment for 2018. Yet, they chose to send the mail closer in time to the due date because of a misunderstanding that an inapplicable statute expanded what types of mail would qualify for such treatment." Because West Sixth was aware, based on its experience with its late 2018 tax payment, which the county did not consider payments timely, which were sent via Liban Post and not received prior to their due date, the BTA acted reasonably and lawfully in finding that West Sixth's late payment for 2019 constituted willful neglect.

**{¶ 19}** Accordingly, we find that the BTA did not err when it denied West Sixth's requests for remission of real property tax late payment penalties. West Sixth's assignments of error are overruled.

**{¶ 20}** Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LISA B. FORBES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
MARY J. BOYLE, J., CONCUR